DARIUS T. LUDWIG *vs.* GEORGE A. PILLSBURY and others.

May 28, 1886.

**Contributory Negligence.**—*Held,* that the action was properly dismissed for the reason that it clearly appeared from the evidence that the injury complained of was caused by the contributory negligence of the person injured.

Plaintiff brought this action in the district court for Hennepin county, to recover damages for injuries occasioned to his infant son while riding in an elevator in the defendants' flouring-mill. The action was brought on for trial before *Lochren,* J., and a jury, and when plaintiff rested his case defendants moved for and obtained an order of dismissal. Plaintiff appeals from an order refusing a new trial.

*J. W. Cochran,* for appellant.

*Hart & Brewer,* for respondents.

MITCHELL, J. We are of opinion that this action was properly dismissed, for the reason that it clearly and indisputably appears from the evidence that the injuries to this boy must have been caused by his own negligence. He was "an unusually bright boy," nearly 13 years old, and therefore *sui juris,* and capable of caring for his own safety. He had been at work in this mill for a month; and during that time had ridden daily on this elevator to his work in the sixth story of the mill. He must have seen, and hence known, that if, when the elevator was ascending, an object was extended any considerable distance over and outside of the top of the railing around the elevator, it would come in contact with the sides of the shaft as the elevator passed through the hatchways or openings in the floors in the mill. He had entered the elevator solely for the purpose of ascending to the sixth story, and was engaged in no present duty which might distract his mind from his surroundings. He was not thrown from an erect position by any accident, such as a sudden lurch or jerk. The beam or joist came in contact with the extreme back part of his head. Now, while he says he doesn't recollect whether he leaned over, but supposes he did, the physical facts demonstrate

that he must have leaned over the top of the railing, and extended or stretched his head some eight or ten inches beyond or outside of the elevator. He did this without any necessity or controlling cause for it. Holding him responsible simply for the exercise of such care and vigilance as could reasonably be expected from one of his age and capacity, it seems to us that but one conclusion can be arrived at, to wit, that he was guilty of gross carelessness and negligence.

This renders it unnecessary to consider whether there was any evidence of negligence on part of defendants. If there was, it was certainly very scant.

Order affirmed.