## INDIANAPOLIS TRACTION AND TERMINAL COMPANY
### v. CROLY.

[No. 7,363.    Filed December 22, 1911.    Rehearing denied July 28,
1912.    Transfer denied November 19, 1913.]

1. APPEAL. — *Evidence.* — *Sufficiency.* — *Verdict.* — In determining
whether a verdict is sustained by sufficient evidence, the court on
appeal cannot weigh conflicting evidence, but can consider only
that which is most favorable to appellee, and if it is sufficient to
sustain the verdict upon every material point, judgment will not
be reversed on the evidence.    p. 572.

2. NEGLIGENCE.—*Contributory Negligence.*—*Burden of Proof.*—In a
personal injury case, contributory negligence is a defense which
defendant has the burden of establishing by a preponderance of
the evidence, and to perfect such defense, it must be established
that the plaintiff did not use due care for his own safety, and
that such failure proximately and directly contributed to pro-
duce his injury.    p. 573.

3. STREET RAILROADS.—*Injuries to Person on Track.*—*Contributory
Negligence.*—A person of mature age, in stepping upon a street
car track immediately in front of an approaching car, without
observing its approach, is not in the exercise of proper care on
his part.    p. 574.

4. NEGLIGENCE.—*Contributory Negligence.*—*Children.*—A child of
very tender years is held to be *non sui juris* as a matter of law,
and incapable of exercising any care or discretion, so that con-
tributory negligence cannot be imputed to it; but a child of
sufficient age to be presumed in law to be capable of exercising
some judgment and discretion is required to use such reasonable
care for its own safety as ought ordinarily to be expected from
children of like age, knowledge, judgment and experience.    p. 574.

5. NEGLIGENCE.—*Contributory Negligence.*—*Children.*—Where it is
shown by undisputed evidence that a child was of sufficient age,
knowledge and experience, to be capable of understanding and
appreciating certain dangers, and was capable of using certain
precautions to avoid them, and that such child did not use or-
dinary care and caution for a child of its age and capacity, the
court may declare as a matter of law that such child did not use
reasonable care.    p. 574.

6. STREET RAILROADS.—*Injuries to Person on Track.*—*Contribu-
tory Negligence.*—*Child.*—*Knowledge of Danger.*—*Evidence.*—
Evidence that a child, who was injured by a street car, was be-
tween eleven and twelve years of age, that she had been warned

MAY TERM, 1913. 567

Indianapolis Traction, etc., Co. *v.* Croly—54 Ind. App. 566.

by her married sister and also by her mother to look out for cars and keep out of their way, that she lived on the street upon which the injury occurred and knew that the cars passed about every ten minutes, and knew that they would hurt her if they ran over her and knocked her down, shows such child to be of sufficient age, knowledge and experience to be capable as a matter of law of using some care in observing the approach of cars and keeping out of their way. p. 575.

7. STREET RAILROADS.—*Injuries to Person on Track.—Child.—Failure to Exercise Reasonable Care.*—Where it is shown by undisputed evidence that a child between eleven and twelve years of age walked across the street looking straight ahead, and walked on the track three or four feet in front of a street car, by which she was struck and injured, and that such child understood and appreciated the danger of being injured by street cars in crossing the tracks, and no excuse is shown for her failure to observe the approach of the car, it must be held as a matter of law that such child failed to exercise the due care required of one of her age, knowledge and experience. p. 575.

8. STREET RAILROADS.—*Injuries to Person on Track.—Child.—Failure to Exercise Reasonable Care.*—Although it is shown that a child, who was injured by a street car, failed to use due care for her own safety in approaching and entering upon defendant's tracks, it cannot be held as a matter of law that she was guilty of contributory negligence, unless it further appears that there was a causal connection between such want of due care and the injury; but where the evidence shows without dispute that a collision actually occurred by reason of the child being in a place of threatened danger, to which her own negligence had exposed her, the court will infer that the injury was the proximate result of such want of care on her part, unless there is evidence in the record tending to rebut the presumption as to causal connection and from which a jury may have found that her want of due care was only the remote cause of her injury. p. 576.

9. NEGLIGENCE.—*Contributory Negligence.—Last Clear Chance.*—Evidence in a negligence case tending to show that want of due care on the part of plaintiff was not the proximate cause of the injury, but only the remote cause, or that it only gave rise to a condition with reference to which the defendant was required to act, makes possible the application of the doctrine of last clear chance. p. 577.

10. NEGLIGENCE.—*Contributory Negligence.—Last Clear Chance.*—The doctrine of last clear chance, which is a firmly established rule in this State, does not operate to constitute an exception to the rule that contributory negligence bars a recovery unless the injury is wantonly or wilfully inflicted, nor to the rule that a

recovery is barred by contributory negligence even though it was slight as compared with the more gross and reprehensible negligence of defendant.  p. 577.

11.  NEGLIGENCE.—*Contributory Negligence.—Comparative Negligence.*—The doctrine of comparative negligence is not applicable in this State, so that negligence of a plaintiff proximately contributing to the injury bars a recovery, regardless of the fact that such contributory negligence may have been slight as compared with more gross and reprehensible negligence of the defendant.  p. 578.

12.  NEGLIGENCE.—*Contributory Negligence.—Last Clear Chance.*—The proper application of the doctrine of last clear chance permits a recovery, notwithstanding a want of due care on the part of the plaintiff, only in cases where it may be said that such want of due care was not the proximate cause of the injury, but that the injury was caused solely by the failure of defendant to take advantage of the last clear chance of avoiding it.  p. 578.

13.  NEGLIGENCE.—*Contributory Negligence.—Last Clear Chance.*—Under the doctrine of last clear chance, a person who, by failure to use due care for his own safety, exposes himself to danger, cannot recover for the injury received, unless it appears that prior to the injury the defendant owed him a special and particular duty, the violation of which can be treated as the sole proximate cause of such injury.  p. 579.

14.  STREET RAILROADS.—*Injuries to Person on Track.—Operation of Cars.—Duty of Motorman.—Last Clear Chance.*—There is a general duty resting upon a motorman in charge of a street car, at all times and under all circumstances during the time he is operating same, to use care, proportionate to the danger incident to such operation, to prevent injury to all persons and property with which it is likely to come in contact; but a special duty, to take particular precautions to prevent injury to a particular person, arises where such person, by want of due care on his part, has exposed himself to immediate threatened danger, or is about to do so, and a failure to discharge such duty, providing it arises any appreciable time prior to the injury, will render the company liable for the resulting injury under the doctrine of last clear chance.  p. 579.

15.  STREET RAILROADS.—*Injuries to Person on Track.—Contributory Negligence.—Last Clear Chance.*—In order that a street car company may be held liable under the doctrine of last clear chance to a person struck by its car, it must appear that the company's opportunity of preventing the injury was later in point of time than that of plaintiff, that the situation of the parties just prior to the injury was such that the company by the exercise of due care could have prevented such injury, and plain-

tiff could not, and that the company failed to take advantage of the last clear chance; but there can be no liability under that doctrine where it appears that plaintiff's opportunity to avoid the injury was as late or later than that of the company. p. 580.

16. NEGLIGENCE.—*Contributory Negligence.—Last Clear Chance.—* Generally, one who negligently exposed himself to injury cannot recover because of the negligence of defendant by an application of the last clear chance doctrine, unless defendant's negligence intervened or continued after his own negligence ceased, but the rule is not of universal application, and in some instances a recovery may be had under the doctrine of last clear chance, even though plaintiff's negligence continues up to the very time of the injury. p. 582.

17. NEGLIGENCE.—*Contributory Negligence.—Last Clear Chance.— Proximate Cause.—*Where it appears that plaintiff by his own negligence placed himself in a position of threatened danger from contact with some agency under the control of defendant, and the situation was such that, by the exercise of due care, he could not extricate himself from the danger in time to avoid the injury, but that defendant, by the exercise of due care, could have prevented it and failed to do so, the negligence of plaintiff will be deemed to have ceased at and after the time he reached the situation where due care on his part was unavailing, and the negligence on the part of defendant thereafter intervening, or its failure to exercise due care to prevent the injury, will be treated as the sole proximate cause. p. 582.

18. NEGLIGENCE.—*Contributory Negligence.—Last Clear Chance.—* Where a person, through his own negligence, is placed in a position of eminent peril from which he cannot by the exercise of due care extricate himself in time to avoid injury, and suffers an injury as the result of a negligent failure of the one in charge of the injury-producing agency to see his perilous position, a recovery may be had under the doctrine of last clear chance, the same as in a case where the injury results from defendant's negligent failure to use reasonable care to prevent the injury after discovering the danger. p. 583.

19. STREET RAILROADS.—*Injuries to Person on Track.—Contributory Negligence.—Last Clear Chance.—*Where a person goes upon a street car track, or in close proximity to it, so as to expose himself to injury from a passing car, and there is nothing to prevent him from observing his danger and avoiding the injury at any time before it occurs, and the motorman negligently fails to see him or observe his peril in time to avoid the injury, the negligence of each is concurrent, so that the doctrine of last clear chance does not apply, and there can be no recovery for the resulting injury, since the duty to discover the danger and avoid

the injury by the exercise of due care rests equally upon the person approaching the track and the motorman in charge of the car.   pp. 584, 593.

20.   STREET RAILROADS.—*Injuries to Person on Track.—Contributory Negligence.*—Where the negligence of a motorman in failing to keep a lookout in front of his car is merely the violation of the general duty owing to all persons making use of the street, the contributory negligence of one who is injured by reason thereof is available as a defense.   p. 585.

21.   STREET RAILROADS.—*Injuries to Person on Track.—Child.—Contributory Negligence.—Last Clear Chance.*—Where a child, between eleven and twelve years of age, walked across a street in plain view of an approaching street car, which was moving at a rapid rate of speed, and stepped upon the track only three or four feet in front of such car, its negligence was concurrent with that of defendant, and there can be no recovery under the doctrine of last clear chance, in the absence of circumstances making the case an exception to the rule.   p. 586.

22.   STREET RAILROADS.—*Injuries to Person on Track.—Contributory Negligence.—Last Clear Chance.*—The rule that there can be no recovery under the doctrine of last clear chance, where the negligence of a person in going upon a street car track is concurrent with that of the motorman in charge of the car that produced the injury, does not apply where it appears that the motorman actually saw the person and realized, or should have realized, the peril to which he was exposed, or to which he was about to expose himself, in time to have prevented the injury, since in such a case a special duty toward the particular person to avoid injuring him arises as soon as the motorman sees him under circumstances that would indicate to a person of ordinary prudence that he is in danger of being injured, or is about to expose himself to such injury.   p. 586.

23.   STREET RAILROADS.—*Injuries to Person on Track.—Contributory Negligence. — Last Clear Chance. — Evidence. — Verdict. —* Where the evidence, on the question of whether the motorman in charge of a street car actually saw a child approaching the track in such manner as to indicate that she did not observe the approach of the car and was oblivious of her danger, in time to have prevented the injury, although conflicting, was of such character that the court cannot say that the jury may not have properly found that the motorman knew of the threatened danger in time to have prevented the injury, it was sufficient to sustain a verdict for plaintiff.   p. 589.

24.   STREET RAILROADS.—*Injuries to Person on Track.—Evidence. —Instructions.*—While it is the duty of a conductor on a street car, who sees a person exposed to danger, to signal the motor-

MAY TERM, 1913. 571

Indianapolis Traction, etc., Co. *v.* Croly—54 Ind. App. 566.

man to stop the car, and to take all other reasonable means to avoid injury, an instruction, in an action for injuries to a child struck by a street car, authorizing a recovery if either the motorman or conductor saw, or could have seen, the child's danger, and failed to warn her or stop the car, was erroneous in the absence of any evidence that the conductor saw or actually knew of the danger to such child at any time before the accident. p. 590.

25. STREET RAILROADS.—*Injuries to Person on Track.—Negligence. —Instructions.*—An instruction, in an action against a street car company for injuries to a child struck by its car, authorizing a recovery if the motorman saw plaintiff and her peril, or could have seen same by the exercise of due care, and failed to stop the car or take other precautions to avoid the injury, was erroneous in failing to inform the jury that some appreciable space of time must have intervened after the motorman saw plaintiff's danger and before the injury occurred within which some precaution could have been taken to prevent the injury. p. 591.

26. STREET RAILROADS.—*Injuries to Person on Track.—Negligence. —Instructions.*—In an action against a street car company for injuries to a child who was struck by its car, where the undisputed evidence, showed that such child's negligence in going upon the track was concurrent with the negligence of the motorman in the operation of the car, an instruction authorizing a recovery under the doctrine of last clear chance if the jury found that the motorman, by the exercise of ordinary care, might have discovered plaintiff's peril in time to have prevented the injury, although he had no actual knowledge of such danger, was erroneous. p. 591.

27. STREET RAILROADS.—*Injuries to Person on Track.—Liability.*— A street car company is liable for the negligent failure of its motorman to observe the perilous situation of a person exposed to the danger of injury through his own want of due care, only where such want of care on the part of plaintiff can be held to have terminated at some time prior to the injury. p. 592.

28. NEGLIGENCE.—*Contributory Negligence.—Last Clear Chance.— Jury Question.*—Where the evidence is conflicting, or if opposite inferences may be drawn from the undisputed facts, the question of whether plaintiff's negligence terminated prior to the injury, so that the injury was the proximate result of the intervening negligence of defendant, or of its failure to use the last clear chance to avoid the injury, is for the jury. p. 593.

29. STREET RAILROADS.—*Injuries to Person on Track.—Liability.*— Where the undisputed evidence showed that plaintiff's negligence in going upon defendant's track was concurrent with that of de-

fendant's motorman in the operation of the car, and continued to the time of the injury, the right to recover depended on whether the motorman had actual knowledge of plaintiff's danger in time to avoid the injury. p. 594.

From Morgan Circuit Court; *Joseph W. Williams*, Judge.

Action by Alpha C. Croly, by her next friend, Joseph Croly, against the Indianapolis Traction and Terminal Company. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*F. Winter, Oscar Matthews, S. C. Kivett* and *W. H. Latta,* for appellant.

*George W. Grubbs* and *George W. Galvin,* for appellee.

Lairy, J.—The appellee in this case, a child, between eleven and twelve years of age, was injured by being run over by appellant's street car. The complaint charges appellant was negligent in running its car at a high and dangerous rate of speed through a populous part of the city and that no gong was sounded or other warning given of the approach of the car to the place where plaintiff was injured. It is further alleged that the motorman in charge of said car did not have the same under proper control. The issue was formed by an answer in general denial. The case was submitted to a jury for trial and a verdict was returned in favor of the plaintiff. The court overruled the motion of appellant for a new trial and rendered judgment in favor of appellee. The only error assigned and not waived is the action of the court in overruling appellant's motion for a new trial.

The motion for a new trial was based on several causes. It is first argued that the motion should have been sustained upon the ground that the evidence is not sufficient to sustain the verdict of the jury. In deciding this question, we

1. cannot weigh conflicting evidence but can consider only the evidence most favorable to appellee. If this evidence, when considered apart from all other evidence in the case, is sufficient to sustain the verdict upon every ma-

MAY TERM, 1913.          573

Indianapolis Traction, etc., Co. *v.* Croly—54 Ind. App. 566.

terial point, this court will not reverse the judgment on the evidence.   There is no claim that the evidence is not sufficient to sustain the charge of negligence as set out in the com-

2.

plaint, but it is contended that the evidence, without dispute, shows that appellee was guilty of contributory negligence.   This is a defense and the burden is on the defendant to establish it by a preponderance of the evidence.   In order to make out a case of contributory negligence, two elements must be established by requisite proof, (1) it must be established that the plaintiff, under the circumstances, did not use due care for his own safety, (2) that such failure to use due care proximately and directly contributed to produce the injury.

On the subject of the care used by the plaintiff just before her injury, the evidence most favorable to her tends to prove the following facts:  Plaintiff was between eleven and twelve years of age and had been warned by her married sister and also by her mother to look out for cars and keep out of their way.   She lived on the north side of the street and almost opposite the point where she was injured, and knew that the cars went by in the street about every ten minutes and knew that the cars would hurt her if they ran over her or knocked her down.   The accident occurred about fifty feet east of the curve at the corner of Roosevelt Avenue and Lewis Street.   Just before the accident, plaintiff was on the south side of Roosevelt Avenue and started to go across the street to her home on the north side thereof, moving in a northwesterly direction and proceeding in a fast walk.   At the time, there was a Brightwood car on the bend at Lewis Street going east toward the city, and a Columbia street car was going west on Roosevelt Avenue.   In crossing, plaintiff walked across the south street car track about fifteen feet in front of the Brightwood car and stepped upon the north track, about four feet in front of the Columbia street car which struck the plaintiff and inflicted the injury for which she sues.   The street was open and straight

for two blocks ·in the direction from which the Columbia street car approached. Plaintiff testified that she looked in the direction from which the Brightwood car was approaching and saw no car; she also looked in the opposite direction and saw no car; that she saw no car at all before she was struck.

If the person injured had been a person of mature age, we would have no hesitancy in holding that her conduct in stepping upon the track of a street car company 3. immediately in front of an approaching car, without observing its approach as shown by the evidence, was such as to show a want of proper care on her part; but where the plaintiff is an infant of tender years a different rule applies. A child of very tender years is 4. held to be *non sui juris* as a matter of law. Such a child is incapable of exercising any care or discretion and contributory negligence cannot be imputed to it. *Donahoe* v. *Wabash, etc., R. Co.* (1884), 83 Mo. 560, 53 Am. Rep. 594; *Frick* v. *St. Louis, etc., R. Co.* (1882), 75 Mo. 595; *Smith* v. *Atchison, etc., R. Co.* (1881), 25 Kan. 738. A child which has arrived at a sufficient age that it may be presumed in law to be capable of exercising some judgment and discretion is required to use such reasonable care for its own safety as ought ordinarily to be expected from children of like age, knowledge, judgment and experience. *Louisville, etc., R. Co.* v. *Sears* (1894), 11 Ind. App. 654, 38 N. E. 837; *Shirk* v. *Wabash R. Co.* (1895), 14 Ind. App. 126, 42 N. E. 656; *Cleveland, etc., R. Co.* v. *Miles* (1903), 162 Ind. 646, 70 N. E. 985. When a court is in a position to say from the undisputed evidence, that the child in 5. question was of sufficient age, knowledge, and experience that it was capable of understanding and appreciating certain dangers and was capable of using certain precautions to avoid them, and when it can also say from the undisputed evidence, that such child did not use ordinary care and caution for a child of its age and capac-

MAY TERM, 1913. 575

Indianapolis Traction, etc., Co. *v.* Croly—54 Ind. App. 566.

ity, then such court is in a position to declare as a matter of law, that such child did not use reasonable care. The evidence in this case shows without dispute that the age, knowledge and experience of the plaintiff was such that she understood and appreciated the danger of being struck and injured by street cars in crossing the tracks. She was therefore capable as a matter of law of using some care in observing the approach of such cars and keeping out of their way. If it appeared from the evidence that she used some care in this respect, it would be for the jury to say whether the care used was such as might be ordinarily expected from a child of her age and experience; but when it appears from the undisputed evidence that she used no care in this respect, and, where no excuse is shown for a failure to use the care of which she was capable, the question is one of law for the court. Placing the case in the most favorable light for the plaintiff, she walked across the street looking straight ahead of her and walked upon the track at a point three or four feet in front of the car that struck her. True, she says that she looked up and down the street and that she saw no car; but the physical facts remain, that the car was there within a few feet of her at the time she stepped upon the track, that it was daylight and that her view was unobstructed. If she had seen the car and had misjudged its distance or speed, this might be attributed to her immature judgment. If she had seen the approach of the Brightwood car and this had distracted her attention in that direction, the fact might have been considered by the jury as an excuse for a failure to use care to observe the approach of a car from the opposite direction; but where it appears that nothing obstructed her view or distracted her attention, we see no excuse for her failure to use such care as she was capable of exercising to observe the approach of a car before stepping upon the track. In our judgment, the undisputed evidence shows that the plaintiff failed to use due care in view of her

age and experience. *Thompson* v. *Buffalo R. Co.* (1895), 145
N. Y. 196; *Shirk* v. *Wabash R. Co.* (1895), 14 Ind. App.
126, 42 N. E. 656; *Ryan* v. *La Crosse City R. Co.* (1900),
108 Wis. 122, 83 N. W. 770; *Collins* v. *South Boston R. Co.*
(1886), 142 Mass. 301; *Stackpole* v. *Boston Elevated R. Co.*
(1907), 193 Mass. 562, 79 N. E. 740; *Ecliff* v. *Wabash, etc.,
R. Co.* (1887), 64 Mich. 196; *Sheets* v. *Connolly St. R. Co.*
(1892), 54 N. J. L. 518, 24 Atl. 483; *O'Conner* v. *Boston,
etc., R. Corp.* (1883), 135 Mass. 352; 2 Thompson, Negli-
gence §1431; *Brady* v. *Consolidated Traction Co.* (1900), 64
N. J. L. 373, 45 Atl. 805; *Ludwig* v. *Pillsbury* (1886), 35
Minn. 256; *Weiss* v. *Metropolitan St. R. Co.* (1898), 53 N. Y.
Supp. 444.

We have held in this case that the undisputed evidence
shows that the plaintiff failed to use due care for her own
safety in approaching and entering upon the tracks
8.  of defendant, in such a way as to expose herself to
danger from a moving car; but this does not amount
to a finding that she was guilty of contributory negligence.
Before it can be held as a matter of law that she was guilty
of contributory negligence, it must further appear that the
second essential element of contributory negligence was pres-
ent, namely, the causal connection between the want of
due care on the part of the plaintiff and her injury. Where
the evidence shows without dispute, as it does in this case,
that a collision actually occurred by reason of the plaintiff
being in a place of threatened danger, to which her own
negligence has exposed her, the court will infer that the
injury occasioned by the collision was the proximate result
of such want of due care on her part, unless there is some
evidence in the record to rebut the presumption as to such
causal connection. If, however, there is evidence in the
record which tends to rebut the presumption and from which
the jury may have found that such want of due care on
her part was not the proximate cause but only the remote
cause of the injury, then the verdict can be upheld not-

MAY TERM, 1913. 577

Indianapolis Traction, etc., Co. *v.* Croly—54 Ind. App. 566.

withstanding the failure of the plaintiff to use due care. Under such a state of the evidence, contributory negligence cannot be declared by this court as a matter of law, for the reason that there is a conflict in the evidence as to the second essential element of contributory negligence.

Where the evidence is of such a character that it tends to show that the want of due care on the part of the plaintiff was not the proximate cause of the injury, but only the remote cause, or only gave rise to a condition with reference to which the defendant was required to act, it gives room for the application of the doctrine of last clear chance. The court in this case instructed upon this doctrine and submitted the case to the jury upon the theory that, if cerain facts enumerated in the instructions appeared from the evidence, they would be justified in finding for the plaintiff, even though she did not use due care. If there is some evidence in the record tending to establish a state of facts to which the doctrine of last clear chance can be applied properly, such evidence will sustain the verdict. It is contended by the appellant that there is no evidence in the record tending to prove any state of facts to which this doctrine can be correctly applied, and this leads us to a further consideration of the proper application of this doctrine.

The doctrine of last clear chance has been recognized by the courts of this State and applied in the later cases although there is some uncertainty in the earlier decisions. *Pennsylvania Co.* v. *Sinclair* (1878), 62 Ind. 301, 30 Am. Rep. 185; *Louisville, etc., R. Co.* v. *Phillips* (1887), 112 Ind. 59, 13 N. E. 132, 2 Am. St. 155. Without reviewing the Indiana cases on the subject it is sufficient to say that the rule is now firmly established by the courts of this State. *Indianapolis Traction, etc., Co.* v. *Kidd* (1906), 167 Ind. 402, 79 N. E. 347, 7 L. R. A. (N. S.) 143; *Indianapolis Traction, etc., Co.* v. *Smith* (1906), 38 Ind. App. 160, 77 N. E. 1040; *Indianapolis St. R. Co.* v. *Bolin*

(1907), 41 Ind. App. 266, 78 N. E. 210, 83 N. E. 754; *Indianapolis St. R. Co.* v. *Schmidt* (1904), 35 Ind. App. 202, 71 N. E. 663, 72 N. E. 478; *Southern Ind. R. Co.* v. *Fine* (1904), 163 Ind. 617, 72 N. E. 589. In entering upon the discussion of the correct application of the rule under consideration, it is proper to remark that its application does not so operate as to constitute it an exception to the long established rule that contributory negligence on the part of the person injured, bars a recovery unless the injury is wantonly or wilfully inflicted. This rule without any recognized exceptions is still the law of this State. It may also be stated that the laws of comparative negligence

11. formerly recognized in Illinois has never been recognized or applied by the courts of this State. If a plaintiff is negligent to any degree and such negligence proximately contributes to his injury, he cannot recover on account of the negligence of the defendant, and it matters not that his negligence may have been slight as compared with more gross and reprehensible negligence on the part of the defendant. *Terre Haute, etc., R. Co.* v. *Graham* (1883), 95 Ind. 286, 48 Am. Rep. 719; *Pennsylvania Co.* v. *Roney* (1883), 89 Ind. 453, 46 Am. Rep. 173; *Ivens* v. *Cincinnati, etc., R. Co.* (1885), 103 Ind. 27, 2 N. E. 134.

The doctrine of last clear chance is not an exception to either of the well-settled rules just stated. Its proper application does not permit an injured person to recover

12. in spite of negligence on his part contributing to the injury, but it does permit a recovery notwithstanding a want of due care on the part of the plaintiff, in cases where the facts are such that it may be said that the plaintiff's want of due care was not the proximate cause of the injury. Evidence to which this rule of law is applicable does not tend to prove that the injured party used due care, but it does tend to prove that such want of due care on the part of the plaintiff was not the proximate cause of the injury, and that the injury was caused solely by the failure of the

defendant to take advantage of the last clear chance of avoiding the injury. *Smith* v. *Norfolk, etc., R. Co.* (1894), 114 N. C. 728, 19 S. E. 863, 25 L. R. A. 287; *Nashua Iron, etc., Co.* v. *Worcester, etc., R. Co.* (1882), 62 N. H. 159; *Tanner* v. *Louisville, etc., R. Co.* (1877), 60 Ala. 621; *Button* v. *Hudson River R. Co.* (1858), 18 N. Y. 248. The courts have applied the doctrine of last clear chance to the facts each particular case presented, without prescribing any very definite rule to govern its application. As a consequence, some confusion has arisen, and it is not easy to reconcile all of the cases on this subject by the application of any fixed legal principle. It is our purpose to lay down the rules of law on this subject, in so far as applicable to the case we are considering, and then to determine the questions involved in this case by an application of those rules. The rules stated are intended to be of general application; but as it is easier to discuss rules by making a concrete application of them, and as such a discussion is more easily understood, we shall, for the sake of clearness, in stating and applying such rules, refer to the case of a person injured on or near a street car track by collision with a street car.

In the application of this doctrine, it must be borne in mind that a person who, by a failure to use due care for his own safety, has exposed himself to danger, occupies a different position in the eyes of the law from one who is in the exercise of due care. To entitle him to recover, notwithstanding his want of care, it must appear that prior to his injury, the company owed him a special and particular duty, the violation of which can be treated as the sole proximate cause of his injury. There is a general duty resting upon a person in charge of a street car to use care to prevent injury to all persons and property with which it is likely to come in contact, and such care must be proportionate to the danger incident to its operation. This duty is a general one, and rests upon the

580 APPELLATE COURT OF INDIANA,

Indianapolis Traction, etc., Co. *v.* Croly—54 Ind. App. 566.

motorman at all times and under all circumstances during the time he is operating such car; but the duty to take particular precautions to prevent injury to a particular person, who, by want of due care on his part, has exposed himself to immediate threatened danger, or is about to do so, is a special duty which arises out of the exigencies of the situation. It is the failure to discharge this particular duty, which gives room for the application of the doctrine of last clear chance, by which the company, in such a case, is held liable to a person, who, by a want of due care, has exposed himself or his property to the danger of receiving such injury. The particular situation of the parties prior to the injury must be such as to give rise to this special duty to the particular person injured, some appreciable time before the injury occurs. As was said in the case of *Evansville, etc., Traction Co.* v. *Spiegel* (1912), 49 Ind. App. 412, 94 N. E. 718, 97 N. E. 949, ''The first essential thing that the evidence must prove or tend to prove is that the decedent was in a situation of apparent and imminent danger at some appreciable time before the injury.'' The duty of exercising the particular precautions does not arise until the occasion which gives rise to such duty exists, but when the occasion presents itself the special duty at once arises, and continues until the time of the injury. From the time the emergency arises until the injury occurs, the motorman must use every reasonable means to prevent the threatened injury. If, during that time, he fails to use proper means to avoid the injury, the company will be held liable, or, if his failure to avoid the injury during that time is due to the negligent rate of speed at which the car is running at the time the emergency arose, or to defective brakes or other negligence of the defendant which prevented the motorman from avoiding the injury, when otherwise he could have done so, such negligence will be deemed to intervene, and will be held 15. to be the sole proximate cause of the injury. From the very language in which the rule is generally

MAY TERM, 1913.    581

Indianapolis Traction, etc., Co. *v.* Croly—54 Ind. App. 566.

expressed, it is apparent that in order to hold a defendant liable by the application of the rule, it must appear from the evidence that such defendant's opportunity of preventing the injury was later in point of time than that of the plaintiff, and that such defendant failed to take advantage of the last clear chance.    The rule has been most frequently applied to a class of cases in which it appears that the person or property of the plaintiff has been injured by a collision with a locomotive, car, street car, automobile or other agency under control of the defendant or his agents, but other cases may arise in which the rule may find a proper application. The rule cannot be applied to every case in which it appears that an injury has been inflicted on the plaintiff or his property by a collision with an agency under the control of the defendant; but only in such of those cases as are brought within the operation of the rule by the facts disclosed by the evidence.    Where the evidence in the case tends to show that the situation of the parties just prior to the injury was such that the defendant, by the exercise of due care, could have prevented it and that the plaintiff could not, then the rule becomes applicable.    If, however, the undisputed evidence shows that the opportunity of the plaintiff, to avoid the injury, was as late or later than that of the defendant, the rule can have no application and the court should refuse to instruct upon the doctrine under consideration.    In cases where the evidence is in conflict upon this point, or in cases where the undisputed evidence upon this question is of such a character that reasonable minds might draw opposite inferences, the question should be submitted to the jury under proper instructions from the court.

As we have heretofore said, the doctrine of last clear chance applies to cases only, where the defendant's opportunity of preventing the injury by the exercise of due care, was later in point of time than that of the plaintiff.    This is a rule of universal application, and it affords the test of the applicability of the doctrine of a particular case.    As a

sort of corollary to this rule, the courts have stated as a general proposition that, where the person injured has negligently exposed himself to the injury, he cannot recover on account of the negligence of the defendant by an application of the doctrine of last clear chance, unless it appears that the defendant's negligence intervened or continued after the negligence of the plaintiff had ceased. Differently stated, the proposition is, that, if the negligence of the injured party concurs with that of the defendant up to the very instant of the accident, or if it continues as long at least as the negligence of the defendant, the doctrine cannot be properly applied against the defendant. The proposition stated in the corollary will serve as a general rule for the application of the doctrine, but it is not a proposition of universal application. There is, at least, one class of cases in which it has been held that an injured person may recover by the application of the doctrine of last clear chance, notwithstanding his own negligence continues up to the very time of the injury. In this class of cases, the courts recognize an exception to the corollary proposition above stated.

We shall first consider and apply the general rule hereinbefore stated, next the application of the proposition stated in the corollary, and lastly the class of cases in which the exception to the corollary proposition is recognized. The general proposition is applicable to a class of cases in which it appears that the plaintiff, by his own negligence, has placed himself in a position of threatened danger from contact with some agency under the control of the defendant, and where his situation is such that, by the exercise of due care, he cannot extricate himself from the danger in time to avoid the injury, but, that the defendant, by the exercise of due care, could prevent it and fails to do so. Under such circumstances, the negligence of the plaintiff is deemed to cease at and after the time he reaches a situation where due care on his part would be unavailing, and

MAY TERM, 1913. 583

Indianapolis Traction, etc., Co. *v.* Croly—54 Ind. App. 566.

the special duty of the defendant to such person immediately arises, and, if negligence on the part of the defendant then intervenes, or, if, after that time, the defendant, by the exercise of due care could prevent the injury and fails to do so, such subsequent negligence on the part of the defendant is treated as the sole proximate cause. The rule of law applicable to cases involving circumstances of this character, is sometimes referred to as the rule of antecedent and subsequent negligence. The reason for the rule in such cases is that, after plaintiff's negligence has ceased, and after his opportunity to avoid the collision has passed, the defendant is guilty of negligence in failing to take advantage of the last clear chance to avoid the injury. In such a case, if the person in charge of the street car or other agency of the defendant sees the dangerous situation of the plaintiff before the collision, or if he might have discovered it by the use of due care, and, if the collision occurs either by reason of his failure to use due care to discover the danger or to prevent the injury after such discovery, the plaintiff may recover, even though negligent in the first instance. In such a case, the defendant or his servants have the power to prevent the injury after the conditions arise which give rise to the duty to use special care toward the party injured, and the plaintiff has not. *Cleveland, etc., R. Co.* v. *Klee* (1899), 154 Ind. 430, 56 N. E. 234; *Metropolitan St. R. Co.* v. *Arnold* (1903), 67 Kan. 260, 72 Pac. 857; *Pickett* v. *Wilmington, etc., R. Co.* (1895), 117 N. C. 616, 23 S. E. 264, 30 L. R. A. 257, 53 Am. St. 611; *Houston, etc., R. Co.* v. *Sympkins* (1881), 54 Tex. 615, 38 Am. Rep. 632. If, in such a case, the injury

18. results from a negligent failure on the part of the persons in charge of the car or other agency to see the dangerous situation of the plaintiff, and if such dangerous situation could have been discovered by the use of proper care in time to have avoided the injury, the plaintiff may recover by an application of the rule of last clear chance. Under such circumstances, the defendant or his servant, by

584    APPELLATE COURT OF INDIANA,

Indianapolis Traction, etc., Co. *v.* Croly—54 Ind. App. 566.

the use of due care could have discovered the danger, after the emergency giving rise to the special duty arose, and so likewise could the plaintiff; but the defendant, in case he had discovered the danger, possessed the ability to prevent the injury, while the plaintiff did not. The defendant, or its servants, therefore, had the last clear chance, for, by discovering the danger, they could have prevented the injury, but the plaintiff could not have prevented the injury, even though he had discovered the danger. The weight of authority, as well as the better reason, supports the proposition that, in cases where the negligence of the plaintiff is antecedent to that of the defendant, and where such negligence of the plaintiff is deemed to have ceased prior to the injury, the plaintiff may recover by the application of the doctrine of last clear chance; and that it makes no difference, in such a case, whether the injury was caused by a negligent failure to discover plaintiff's danger, or by negligence in failing to use reasonable care to prevent the injury after discovering such danger.

We have been discussing cases, the circumstances of which show antecedent and subsequent negligence, and to which the general rule, just discussed, applies; but an effort is frequently made to invoke the doctrine of last clear chance in a class of cases in which there is nothing to show that the negligence of the defendant was subsequent to that of the plaintiff or that the plaintiff's negligence terminated prior to the injury or prior to that of the defendant. Such cases call for the application of the proposition heretofore stated as a corollary to the general rule. The proposition 19. stated in the corollary applies to a class of cases in which it appears that the plaintiff, without observing his surroundings, negligently goes upon the track of the defendant or in such close proximity to it as to expose himself to the danger of injury from a passing car, and where there is nothing to prevent him from observing his danger and avoiding the injury at any time before it occurs, and where

it also appears that the motorman, by reason of his negligence, did not see the plaintiff or his danger in time to avoid the injury. In such a case, the negligence of the plaintiff is concurrent and not antecedent, and the reason upon which the general rule is based cannot apply. If the want of care on the part of the plaintiff consists in a failure to discover his own danger, and if the want of care on the part of the defendant consists of a like failure to observe the dangerous situation of the plaintiff, and if such want of due care on the part of both continues until the injury occurs, or becomes so imminent that neither can prevent it, the plaintiff cannot recover. Under such circumstances the opportunity of the plaintiff to observe the danger is equal to that of the defendant, and the duty to discover the danger and avoid the injury by the exercise of due care rests equally upon him and the defendant. If the opportunity of the plaintiff to avoid the injury was as late as that of the defendant, how can it be said that the defendant had the last clear chance of avoiding it? The test is, What wrongful conduct occasioning the injury was in operation at the very moment it occurred or became inevitable? If, just before the climax, only one party had the power to prevent the injury, and he neglected to make use of it, the responsibility is his alone, but if each had the power to avoid such injury and each failed to use it, then their negligence is concurrent, and neither can recover. In such a case, the negligence of the motorman in failing to keep a lookout in front of his car is the violation of the general duty which he owes to all persons making use of the street. He does not owe to the person negligently exposed to injury any special duty different from that owing to other travelers in the street, for the reason that he does not know prior to the injury that the situation of such person is such as to expose him to a particular danger. Such failure of the motorman to perform a general duty of this character is negligence, to which contributory negligence of the plaintiff is a defense. *Dyerson*

v. *Union Pac. R. Co.* (1906), 74 Kan. 528, 87 Pac. 680, 7 L. R. A. (N. S.) 132; *Green* v. *Los Angeles, etc., R. Co.* (1904), 143 Cal. 31, 76 Pac. 719, 101 Am. St. 68; *Smith* v. *Norfolk, etc., R. Co., supra; Butler* v. *Rockland, etc., R. Co.* (1905), 99 Me. 149, 58 Atl. 775, 105 Am. St. 267; *French* v. *Grand Trunk, etc., R. Co.* (1904), 76 Vt. 441, 58 Atl. 722; *Robards* v. *Indianapolis St. R. Co.* (1903), 32 Ind. App. 297, · 66 N. E. 66, 67 N. E. 953.

In this case, it appears from the uncontradicted evidence that the plaintiff walked across the street in plain view of an approaching street car which was moving at a rapid rate of speed, and stepped upon the track only three or four feet in front of such moving car. If she had used due care to observe the approach of the car a moment before she stepped upon the track, she could have avoided the injury. Her negligence was concurrent and not antecedent, and therefore, the doctrine of last clear chance, as applied to antecedent and subsequent negligence can have no application to this evidence, and this case is governed by the proposition stated in the corollary, unless the circumstances disclosed are such as to bring it within that class of cases to which the corollary proposition does not apply. The proposition stated in the corollary has no application to that class of cases in which it appears that the motorman actually saw the person injured and realized or should have realized the peril to which he was exposed or was about to expose himself, in time to have prevented the injury. In such a case, the special duty toward the particular person arises as soon as the motorman sees him under such conditions as would indicate to a person of ordinary prudence that he was in danger of being injured by the car, or was about to expose himself to such injury. It then becomes the special duty of the motorman to use every reasonable means to avoid injuring him; and if he does not do so, the injured person may recover, notwithstanding his want of care in failing to discover the approach of the car con-

tinued up to the very instant of the injury, and notwith-
standing also that the plaintiff possessed the physical ability
to have avoided the injury, in case he had discovered his peril
at any time before the accident happened. Cases of this
kind frequently arise out of an injury to a person working,
walking, riding, or driving upon the tracks of a street rail-
way company, or out of an injury to a person who by reason
of the abstracted condition of his mind, or by reason of his
attention being diverted, or for some other reason, enters
upon the track of such company, without observing his dan-
ger from approaching cars, and remains oblivious to such
danger until he is struck and injured. In such a case, the
company may be properly held liable by an application of
the doctrine of last clear chance, if there is evidence from
which the jury may properly find that the motorman actually
knew of the perilous situation of the person subsequently
injured, in time to have avoided the injury by the exercise
of proper care. Under such a state of facts, the motorman
possesses the physical ability to avoid the injury before the
accident and so also has the injured party. In this respect
their chances are equal, but the motorman actually possesses
the knowledge of the danger and appreciates the necessity
of taking steps to avoid the injury, while the person injured
has no actual knowledge of his danger, and does not appre-
ciate the necessity of taking steps to avoid it. The fact that
the motorman sees, or otherwise has actual knowledge of the
dangerous situation in which the negligence of the plaintiff
has placed him, and that he observes that the plaintiff is un-
conscious of his surroundings and oblivious of his danger,
gives to such motorman the last clear chance of preventing
the injury, and in case he fails to take advantage of it, the
plaintiff may recover. Some courts base the right of the
plaintiff to recover in such a case upon a different ground
and assign as a reason that the conduct of the motorman, in
failing to use proper means to stop the car after seeing the
situation of the plaintiff and observing that he is not likely

to escape injury, is of such a reckless, wanton and willful character that it amounts to constructive willfulness and that contributory negligence is not a defense to an action based on an injury so caused. *Krenzner* v. *Pittsburgh, etc., R. Co.* (1898), 151 Ind. 587, 43 N. E. 649, 52 N. E. 220, 68 Am. St. 252; *Smith* v. *Norfolk, etc., R. Co., supra.* The rule is well stated in the case of *Harrington* v. *Los Angeles R. Co.* (1903), 140 Cal. 514, 74 Pac. 15, 63 L. R. A. 238, 98 Am. St. 85. In speaking of the proposition here under consideration, the court says, "It is immaterial whether the liability of the defendant in such a case be based upon the theory that the negligence of the defendant, being the later negligence, is the sole proximate cause of the injury, or upon the theory that defendant has been guilty of wilful and wanton negligence. In either case, the liability would exist, for, where an act is done willfully and wantonly, contributory negligence on the part of the injured person is no bar to a recovery. *Esrey* v. *Southern Pac. R. Co.* [1894], 103 Cal. 541, 37 Pac. 500. As said by Mr. Beach in his work on Contributory Negligence, 'When one, after discovering that I have carelessly exposed myself to an injury, neglects to use ordinary care to avoid hurting me, and inflicts the injury upon me as a result of his negligence, there is very little room for a claim that such conduct on his part is not willful negligence.' It is, of course, true, as urged by defendant, that it is essential to such liability that the defendant did actually know of the danger, and that there is no such liability where he does not know of the peril of the injured party but would have discovered the same but for remissness on his part. *Herbert* v. *Southern Pac. R. Co.* [1898], 121 Cal. 227, 53 Pac. 651. This, however, does not mean, as seems to be contended, that defendant must know that injury is *inevitable* if he fails to exercise care, and the decisions indicate no such requirements. It is enough that the circumstances *of which the defendant has knowledge* are such as to convey to the mind of a reasonable man a question as to whether the

other party will be able to escape the threatened injury. One in such a situation is in a dangerous position. It was said in the prevailing opinion in *Everett* v. *Los Angeles, etc., R. Co.* [1896], 115 Cal. 105, 125, 34 L. R. A. 350, 43 Pac. 207, 46 Pac. 889, distinguishing that case from those where the principle under discussion is applicable: 'The case is not like one where the injured party is discovered in time lying or standing upon a railroad track under such circumstances as to make it doubtful whether he can or will get out of the way; or where one is attempting either on foot or otherwise, to make a crossing; or passing along or on its track over a bridge or narrow causeway, or in a deep cut or tunnel, where to turn aside would be either dangerous or impossible. * * * Persons can not be recklessly or wantonly run down on a railroad track, however negligent themselves, *where the circumstances are such as to convey to the mind of a reasonable man a question as to whether they will be able to get out of the way.'* "

If there is some evidence in the record tending to prove that the motorman actually saw the plaintiff approaching the track and that her conduct and appearance at that time was such as to indicate that she did not observe the approach of the car and was oblivious of her danger, then the verdict can be sustained, even though her want of care in failing to see the car, continued up to the time of her injury, provided that there is also evidence tending to prove that after the motorman knew of her perilous situation, he had time to have avoided the injury by the exercise of due care. The evidence upon this question is conflicting. The motorman states that he passed another car about seventy-five feet east of the point where the plaintiff was struck, and that he saw her at the gutter when his car was fifty or seventy-five feet east of the place where she was struck. The plaintiff's sister testifies that plaintiff left the gutter on the south side of the street and walked in a north-westerly direction and stepped on the track about three or

590    APPELLATE COURT OF INDIANA,

Indianapolis Traction, etc., Co. *v.* Croly—54 Ind. App. 566.

four feet in front of the moving car. The distance from the curb to the north track upon which the plaintiff was hurt is about twenty-five feet. There is a conflict in the evidence as to the speed of the car, some of the witnesses testifying that it was moving at a rate of speed from fifteen to twenty miles an hour, and others stating that it was moving at the rate of only four to six miles an hour. The plaintiff was moving at a fast walk. The evidence of plaintiff's sister was that she did not see or look toward the car and that she was looking toward the northwest. In deciding whether the motorman saw plaintiff and observed the danger to which her conduct was about to expose her, in time to have prevented the injury, the jury had a right to consider the speed at which the car was moving and also the speed at which plaintiff was walking as well as the distance that each was required to move to reach the point of collision. From a consideration of the evidence, we cannot say that the jury could not have properly found that the motorman knew of the danger to which plaintiff was about to expose herself in time to have prevented the injury. The evidence is sufficient to sustain the verdict.

Instruction No. 2 is inaccurate and erroneous for more than one reason. The jury is told by this instruction that if either of the employes of the defendant saw plaintiff and her peril or could have seen it by the exercise of due care and failed to stop the car or take other precautions to prevent injuring her, then they should find for the plaintiff even though she was guilty of negligence in not looking. Under this instruction, the jury was authorized to find for the plaintiff if either the motorman or the conductor saw or could have seen plaintiff's danger and failed to warn plaintiff or stop the car if necessary to prevent the injury. In this case the instruction should have been limited to the motorman. It is undoubtedly the duty of the conductor, in case he sees a person exposed to the danger of injury on or near the track, to give a signal to stop the

car and to take all other reasonable means to prevent the injury; but in this case there is no evidence that the conductor saw or actually knew of the danger to the plaintiff at any time before the accident occurred. This instruction is also defective because it fails to inform the jury that some appreciable space of time must have intervened after the motorman saw plaintiff's danger and before the injury occurred within which time some precaution could have been taken to prevent the injury. If, after discovering the peril to which plaintiff was exposed, or was about to expose herself, the motorman could have prevented the injury by the exercise of proper care, it was his duty to do so, but from this instruction, the jury would be warranted in finding against the defendant by an application of the rules of last clear chance, in case it found that the motorman saw the danger and peril of plaintiff and did not stop the car and prevent the injury, regardless of whether he had time to do so after discovering such peril and before the injury. This instruction is erroneous for the further reason that it authorized a recovery in this case by an application of the doctrine of last clear chance in the event that the jury found that the motorman, by the exercise of ordinary care, might have discovered the plaintiff's peril in time to have prevented the injury, although he had no actual knowledge of such danger. From what has already been said, we think it is clear that an instruction, embodying the proposition last stated, can be proper only in cases where there is evidence tending to show that the plaintiff at some time prior to the accident had reached a situation of danger from which he was unable to extricate himself by the use of due care, and where his negligence is deemed to have terminated prior to the injury. Such an instruction cannot be properly given in a case such as this, where the undisputed evidence shows that the want of care on the part of the plaintiff continued up to the very instant of the accident and concurred with that of the defendant at the time the injury

occurred. The defendant is liable for the negligent failure of the motorman to observe the perilous situation of 27. a person exposed to the danger of injury through his own want of due care, only where such want of care on the part of plaintiff can be held to have terminated at some time prior to the injury. This rule finds no application in cases where it appears that the want of care on the part of the plaintiff continued up to the time of the accident or until it was inevitable. In such a case, to render the defendant liable, it must appear that the motorman actually knew of the danger in time to have averted the accident. If the instruction in question was open to no other objection than the last, it would be harmless in this case, for the reason that the undisputed evidence shows that the motorman did see the plaintiff while she was at the gutter, and at all times thereafter until she was injured, but the other objections pointed out are of such a character as to be prejudicial to the appellant. For error in giving this instruction, the judgment must be reversed.

We are aware that the courts in discussing the doctrine of last clear chance, have frequently said that a defendant may be held liable to a person where his negligence has exposed him to the danger of injury, if the motorman saw or, by the exercise of proper care, could have seen the threatened danger in time to have averted the injury; and that such language has been used without drawing any distinction between that class of cases where the negligence of the plaintiff is held to terminate prior to the injury; and that other class where the negligence of the plaintiff continues up to the time the injury occurs. As we have shown, it is proper in the first class of cases, to state the defendant's breach of duty in the alternative; and in passing to the second class of cases, it is very easy to overlook the change in the situation of the parties as affecting the application of this doctrine. By failing to observe the distinction between these two classes of cases, the courts have been led into an expression which,

as applied to the latter class, seems to us to be inaccurate. We can see no room for the application of the doctrine of last clear chance to a case where the failure on the part of the defendant to avoid the injury to plaintiff after he had negligently exposed himself to danger, was due solely to the failure on the part of the motorman to observe plaintiff's danger and where it also appears that the plaintiff's failure to avoid the injury resulted solely from a like want of care on his part in failing to observe his own danger and where his opportunity of avoiding the injury was as late or later than that of the defendant. To apply the doctrine of last clear chance to a case of this kind, would be either to make it an exception to the rule that contributory negligence of the plaintiff bars a recovery in an action based on negligence, or to hold that the negligence of the defendant in such a case is more culpable than that of the plaintiff and thus recognize the doctrine of comparative negligence. It would be a fruitless task to attempt a review of the decisions upon this branch of the question. The cases cannot be reconciled for the reason that some of the cases seem to have been decided without making reference to any fixed rule or principle, the decision apparently resting upon the particular facts of the case. For a collection and classification of cases upon this subject we refer to the notes upon the case of *Dyerson* v. *Union Pac. R. Co.* (1906), 7 L. R. A. (N. S.) 132, and also the notes upon the case of *Bogan* v. *Carolina Central R. Co.* (1901), 55 L. R. A. 418.

Under what circumstances plaintiff's negligence will be deemed to have terminated prior to the injury so as to bring the case within the class first named, will often no doubt present a question of some difficulty. If the evidence upon the question is conflicting, or if opposite inferences may be reasonably drawn from the undisputed facts, it is of course a question for the jury. In this case, the facts bearing upon this question are undisputed and

594    APPELLATE COURT OF INDIANA,

Indianapolis Traction, etc., Co. *v.* Croly—54 Ind. App. 566.

but one reasonable inference can be drawn, and that is that the plaintiff's want of care continued up to the time of her injury. Her right to recover in this case therefore depended on the question as to whether the motorman had actual knowledge of her danger in time to have avoided the injury. The judgment is reversed with directions to grant a new trial.

Felt, C. J., Ibach, P. J., Adams, Hottel and Myers, JJ., concur.

## DISSENTING OPINION ON PETITION FOR REHEARING.

FELT, J.—I am unable to agree with the prevailing view of my associates that the petition for rehearing in this case be overruled. While entertaining this view, I am in accord with most that is said in the carefully prepared, logical and able opinion; but my divergence of view strikes at a vital point of the case and compels me to favor a rehearing. The opinion states: "In our judgment the undisputed evidence shows that the plaintiff failed to use due care in view of her age and experience." The ultimate question to be determined is the alleged contributory negligence of plaintiff. In approaching this question, the opinion declares as a matter of law that this child eleven years of age contributed to its injury. I cannot agree that "the undisputed evidence" warrants such conclusions, and I hold that the question was for the jury, to be determined from all the facts and circumstances of the case, pertinent to the question, including plaintiff's age, capacity and experience.

I concur in the view that plaintiff had reached the age when she is presumed in law to be capable of exercising some judgment and discretion, and was required to exercise such degree of care for her own safety as may reasonably and ordinarily be expected of children of like age, experience and capacity. In the case of *Cleveland, etc., R. Co.* v. *Klee* (1899), 154 Ind. 430, 432, 56 N. E. 234, it is said: "Regarding the conduct of a child between the age when he is con-

clusively presumed to be incapable of negligence and the age when he is conclusively presumed to be negligent under the same circumstances that would reveal an adult's negligence, the law is neutral; it lays down no conclusive presumption. Of such a child it cannot be said as a matter of law that his age shows him either incapable or capable of negligence. That question is to be determined as a fact in every such case." In *Baltimore, etc., R. Co.* v. *Hickman* (1907), 40 Ind. App. 315, 317, 81 N. E. 1086, this court said: "The standard of reasonable care applicable to an adult is not the standard of care required from a child ten years old. * * * The measure of the duty of care required from a child has frequently been stated, and whether in the given instance it was exercised is universally held to be a question for the jury." This is unquestionably the general rule and the instances in which a court can declare a child, though *sui juris,* negligent as a matter of law, are rare. It can only be safely done where the evidence is clear and definite and no other reasonable inference or conclusion can be drawn except that of the child's negligence.

There is evidence in this case tending to prove that plaintiff was eleven years old and lived with her mother at the corner of Roosevelt Avenue and Lewis Street; that her married sister lived in the same house and had a child three years old, who just before and at the time of the accident was on the opposite side of the street near a lumber yard; that plaintiff went across the street to get this baby to return home but failed; that plaintiff was in the roadway between the east curb and the east street car track; that from that point she looked both ways, up and down the track, and started back across the street in the direction of her home; that an east or outbound street car passed her on the south track and met an inbound car on the north track about 75 feet from the place of the accident, running without any warning of its approach, at the rate of 20 or 25 miles an hour; that the fender of the inbound car struck plaintiff

and the car ran over her and cut off one of her legs. There is other evidence contradictory to parts of the foregoing testimony, but we are not to weigh the evidence, and if from the facts and circumstances shown by the evidence reasonable minds may draw different inferences or conclusions as to plaintiff's care, we cannot declare her guilty of contributory negligence as a matter of law.

It is said in the opinion that "plaintiff walked across the south street car track about fifteen feet in front of the Brightwood car, and stepped upon the north track about four feet in front of the Columbia street car." While there is evidence tending to prove the foregoing statement, in my view of the testimony, it is not the "uncontradicted evidence" but, on the contrary, the evidence in the record not only makes possible other and different conclusions, but shows that such other conclusions are more probable and reasonable than the one stated in the opinion. In considering this question, we may take the evidence most favorable to plaintiff and draw all reasonable inferences. We find evidence at least tending to prove that she passed behind the outgoing car and stepped upon the north track when the car was considerably more than four feet from her and that she was struck because of the speed of that car approaching without warning; that her view of the Columbia car was obstructed by the outgoing car for considerable distance. Furthermore, if the outgoing car passed the incoming car approximately 75 feet from the place of the accident, and the latter was running at the rate of 25 miles per hour, it would require but a fraction over two seconds of time for the car to reach the child after it passed the outgoing car. If the plaintiff were an adult, considering all the foregoing facts and circumstances, it would be carrying the application of the rule to its extreme limit to declare her guilty of contributory negligence as a matter of law. The fact that a child may have sufficient knowledge to charge it with notice of danger is by no means conclusive on the question of its

MAY TERM, 1913. 597

Indianapolis Traction, etc., Co. *v.* Croly—54 Ind. App. 566.

capacity to avoid injury. The characteristics and natural tendencies of children are matters of common knowledge of which the courts may judicially know. Knowledge, age and experience are to be considered where the child has attained to an age when it is capable of exercising some care for its own safety. These necessarily include the immature judgment and natural impulsiveness of the child. *Angola R. etc., Co.* v. *Butz* (1912), 52 Ind. App. 420, 98 N. E. 818. It is said in the opinion: "If it appeared from the evidence that she used some care in this respect, it would be for the jury to say whether the care used was such as might be ordinarily expected from a child of her age and experience; but when it appears from the undisputed evidence that she used no care in this respect, and where no excuse is shown for a failure to use the care of which she was capable, the question is one of law for the court. * * * True she says that she looked up and down the street, and that she saw no car; but the physical facts remain that the car was there within a few feet of her at the time she stepped upon the track, that it was daylight and that her view was unobstructed." In addition to the evidence already shown, there was testimony tending to prove some play, and possibly disturbance, among a group of little children on the east side of the street participated in by plaintiff, just before her injury; that she looked back in the direction of the children; that the outgoing car could not be seen until it came around the bend where the car turned off of Lewis Street into Roosevelt Avenue; that from plaintiff's changing position on the street as she advanced, it was not only possible, but most probable, that the incoming car was hid from her view for considerable distance. All these facts and circumstances afford ample evidence from which it may be reasonably inferred that her attention was momentarily drawn in some direction other than that of the approaching car without compelling the conclusion that she was guilty of negligence contributing to her injury. In view of this situation, it is a harsh rule

to invoke "the physical facts" to declare her guilty of contributory negligence as a matter of law. All the facts and circumstances, including her age, experience and capacity were to be considered, and when so considered, the fact stands out that her contributory negligence is not made out by undisputed evidence. This is emphasized by the further fact of the discrepancy in the testimony of the witnesses, both children and adults, as to the passing and speed of the cars, the part of the car that first came in contact with plaintiff and numerous other important items of evidence. On the whole, the case was one of sharp dispute upon the question of plaintiff's conduct and the negligence of appellant. The question of appellee's contributory negligence was as clearly one for the jury, as that of the appellant's negligence.

In view of the positive evidence that appellee looked when but a short distance from the tracks, and of the necessary confusion caused by the two cars and the other circumstances of the case, we think the question of contributory negligence clearly within the rule that it is an ultimate fact to be determined by the jury from all the evidence, including her age, capacity and experience, and that it cannot be declared as a matter of law without doing violence to legal principles and judicial precedent.

While my difference in view is not so much one of law as it is the application of the law to the facts of this case, nevertheless, as supporting the conclusion already announced we cite the following additional authorities: *Citizens St. R. Co.* v. *Hamer* (1902), 29 Ind. App. 426, 435, 62 N. E. 658, 63 N. E. 778; *Shirk* v. *Wabash R. Co.* (1895), 14 Ind. App. 126, 131, 42 N. E. 656; *New York, etc., R. Co.* v. *Mushrush* (1894), 11 Ind. App. 192, 37 N. E. 954, 38 N. E. 871; *Terre Haute St. R. Co.* v. *Tappenbeck* (1893), 9 Ind. App. 422, 36 N. E. 915; *Cleveland, etc., R. Co.* v. *Miles* (1903), 162 Ind. 646, 654, 70 N. E. 975; *Indianapolis Southern R. Co.* v. *Emmerson* (1912), 52 Ind. App. 403, 98 N. E. 895. While the proposition is fully supported in Indiana, the trend of

MAY TERM, 1913. 599

Indianapolis Traction, etc., Co. *v.* Croly—54 Ind. App. 566.

authority in other states is in harmony with the foregoing conclusion. *Haycroft* v. *Lake Shore, etc., R. Co.* (1876), 64 N. Y. 636; *Gass* v. *Missouri Pac. R. Co.* (1894), 57 Mo. App. 574, 580; *Atchison, etc., R. Co.* v. *Hardy* (1899), 94 Fed. 294, 37 C. C. A. 359; *Cook* v. *Houston, etc., Nav. Co.* (1890), 76 Tex. 353, 358, 13 S. W. 475, 18 Am. St. 52; *Howland* v. *Union St. R. Co.* (1889), 150 Mass. 86, 22 N. E. 434, 150 Mass. 86; *Wynn* v. *City, etc., R. Co.* (1893), 91 Ga. 344, 359, 17 S. E. 649; *Consolidated City, etc., R. Co.* v. *Carlson* (1897), 58 Kan. 62, 48 Pac. 635; *Steele* v. *Northern Pac. R. Co.* (1899), 21 Wash. 287, 57 Pac. 820; *Costello* v. *Third Ave. R. Co.* (1900), 161 N. Y. 317, 55 N. E. 897; 2 Thompson, Negligence §§1427-1430 and cases cited; *Consolidated Traction Co.* v. *Scott* (1896), 58 N. J. L. 682, 34 Atl. 1094, 33 L. R. A. 122, 55 Am. St. 620, *Van Natta* v. *Peoples St. R., etc., Co.* (1895), 133 Mo. 13, 22, 34 S. W. 505; *Pittsburgh, etc., R. Co.* v. *Moore* (1903), 110 Ill. App. 304; *Illinois Central R. Co.* v. *Slater* (1889), 129 Ill. 91, 21 N. E. 575, 6 L. R. A. 418, 16 Am. St. 242; 4 Am. and Eng. Ency. Law 46.

Upon further consideration I am also unable to give my approval to one proposition of the opinion relating to the doctrine of last clear chance. In cases where a motorman and a person upon a street car track are both negligent, and their negligence continues up to the time of the accident, the opinion holds there can be no liability unless the motorman actually sees such person and knows of his peril in time to avoid injuring him. I believe the law is that the operating company in such cases is guilty of actionable negligence and may be held liable, where by the use of ordinary care the motorman could have known of the injured person's peril in time to have avoided the injury, as well as in cases where he actually sees such person and knows of his peril. The law is firmly established in this State that a person who owes a duty to another, or to the public generally, is charged not only with actual knowledge, but with the knowledge he may acquire by the exercise of ordinary care. Furthermore, the

doctrine of last clear chance is "regarded as an exception to the general rule, forbidding recovery by a plaintiff guilty of contributory negligence." *Indianapolis Traction, etc., Co.* v. *Kidd* (1906), 167 Ind. 402, 411, 79 N. E. 347, 7 L. R. A. (N. S.) 143, 10 Ann. Cas. 942. The conclusion reached in the opinion seems to be the logical result of the reasoning followed, but strict logic does not always best serve the ends of justice. Exceptions to general rules of law are numerous, and are recognized as an essential and necessary part of our jurisprudence. I see no reason why we should not recognize the exception already declared by our Supreme Court and apply it to this proposition. Many cases might be cited bearing to some extent upon the question, among which I cite the following: *Shilling* v. *Indianapolis, etc., Traction Co.* (1912), 51 Ind. App. 131, 96 N. E. 167, 97 N. E. 124; *Glass* v. *Fort Wayne, etc., Traction Co.* (1908), 42 Ind. App. 395, 402, 81 N. E. 514; *Indianapolis St. R. Co.* v. *Schmidt* (1904), 35 Ind. App. 202, 71 N. E. 663, 72 N. E. 478; *Indianapolis St. R. Co.* v. *Bolin* (1906), 39 Ind. App. 169, 182, 78 N. E. 210; *Indianapolis St. R. Co.* v. *Seerley* (1904), 35 Ind. App. 467, 472, 72 N. E. 169, 1034.

For the foregoing reasons I believe the petition for a rehearing should be granted. Myers, J., concurs.

Hottel, C. J.—I concur in the dissenting opinion to the extent that it holds that this court cannot say as a matter of law that the child in whose behalf this action was brought, was guilty of contributory negligence. I think there was evidence showing some care on the part of such child, and whether it used that degree of care and caution to be expected from one of its age, capacity and experience, surrounded and circumstanced as it was at the time of its injury, was, in reason, and, in law, as evidenced by the authorities cited in the dissenting opinion, a question of fact for the jury and not one of law for the court.

NOTE.—Reported in 96 N. E. 973; 98 N. E. 1091. See, also, under (1) 3 Cyc. 348; (2) 29 Cyc. 526, 601; (3) 36 Cyc. 1533, 1537; (4)

29 Cyc. 537; (5) 29 Cyc. 535; (6) 29 Cyc. 541, 36 Cyc. 1563; (7) 36 Cyc. 1563; (8) 36 Cyc. 1605; (9) 29 Cyc. 530; (11) 29 Cyc. 560; (12) 29 Cyc. 531; (14, 22) 36 Cyc. 1517, 1565; (15, 19) 36 Cyc. 1567; (16) 29 Cyc. 531; (17) 29 Cyc. 532; (20) 36 Cyc. 1527; (23) 36 Cyc. 1602; (24) 36 Cyc. 1638; (25) 36 Cyc. 1633; (28) 36 Cyc. 1631; (29) 36 Cyc. 1568. As to the last moment to which presumption, that person in dangerous condition will seek place of safety, may be indulged, see 69 L. R. A. 554. As to the applicability of the doctrine of last clear chance where danger is not actually discovered, see 55 L. R. A. 418; 36 L. R. A. (N. S.) 957. As to whether wantonness or wilfulness, precluding defense of contributory negligence, may be predicated on the omission of a duty before the discovery of a person in a position of peril on a railroad or street railway track, see 21 L. R. A. (N. S.) 427.