## Schilling *v.* Indianapolis and Cincinnati Traction Company et al.

[No. 7,326. Filed October 25, 1911. Rehearing denied January 26, 1912. Transfer denied July 2, 1912.]

1. Appeal.—*Ruling on Motion for Judgment on Answers to Interrogatories.—Determination of Question.*—The question raised on the ruling of the trial court in sustaining a motion on the answers to interrogatories, notwithstanding the general verdict, must be decided from a consideration of the issues, the general verdict and the answers to the interrogatories. p. 134.

2. Pleading.—*General Denial.—Verdict.*—Every material averment of a complaint is put in issue by the general denial, and a general verdict for plaintiff is a finding for him on every material point thus in issue. p. 136.

3. Trial.—*Verdict.—Answers to Interrogatories.—Control of Verdict.*—Unless the answers to interrogatories are in such irreconcilable conflict with, or so antagonistic to, the general verdict that both cannot stand, the general verdict will be sustained. p. 136.

4. Pleading.—*Complaint.—Theory.—Issues and Proof.*—A pleading must proceed on a single, definite theory, and a plaintiff cannot declare on one theory and recover on another. p. 137.

5. Railroads.—*Interurban.—Injury to Persons on Tracks.—Complaint.—Theory.*—Where the complaint, in an action against an interurban railroad company for damages to plaintiff in a collision with a car, alleged that the approach of a car and an obstruction in the highway required plaintiff to drive upon an adjoining track, that before he could leave the latter track, another car of the defendant, running negligently and without warning and at a high rate of speed toward him, struck his horses and wagon and caused the injuries, and that with reasonable care

132    APPELLATE COURT OF INDIANA.

Schilling *v.* Indianapolis, etc., Traction Co.—51 Ind. App. 131.

plaintiff's peril could have been seen and the car stopped before striking him, the theory is not that of operating the car at a negligent rate of speed, but of negligence either in failing to exercise proper care to discover plaintiff's dangerous situation, or to make proper efforts to stop the car after making such discovery.  p. 137.

6.  PLEADING.—*Complaint.*—*Construction.*—*Inconsistent Theories.*— Where a complaint proceeds on inconsistent theories, the one most consistent with its general scope and character must be adopted.  p. 139.

7.  RAILROADS.—*Interurban.*—*Injury to Persons on Tracks.*—*Last Clear Chance.*—*Negligence.*—The doctrine of last clear chance, though usually applied where the negligence of defendant is shown, and where it also appears that the injured by his own negligence had placed himself in a position of imminent peril exposing him to danger as a result of the defendant's negligence, is also applicable in charging original negligence to defendant in an action for injuries sustained in a collision with an interurban car, where plaintiff, because of an obstruction in the highway and to avoid injury from the approach of a car, drove upon an adjoining track in the highway, where he was struck by another of defendant's cars, and those in charge of the latter car with reasonable care could have seen his perilous position and stopped the car before striking him.  p. 139.

8.  RAILROADS.—*Interurban.*—*Injury to Persons on Track.*—*Verdict.*—*Answers to Interrogatories.*—In an action for injuries sustained in a collision with an interurban car, where it was shown by the complaint that plaintiff was unavoidably placed in a perilous position on defendant's track, and it was alleged that with reasonable care his peril could have been seen and the car stopped before striking him, answers to interrogatories showing that the car was running rapidly, but, that on seeing plaintiff, the motorman did all that he could to stop the car and avoid striking him, while in conflict with the general verdict for plaintiff on the question of negligence in failing to stop the car after discovering plaintiff's peril, are not in conflict therewith as to defendant's negligence in failing to discover his peril in time to avoid the injury.  p. 141.

9.  RAILROADS.—*Interurban.*—*Injury to Persons on Tracks.*—*Contributory Negligence.*—*Burden.*—An interurban railroad company, in an action against it for striking plaintiff with one of its cars, has the burden of proving that plaintiff was guilty of contributory negligence which proximately contributed to his injury. p. 141.

10.  RAILROADS.—*Interurban.*—*Injury to Persons on Track.*—*Contributory Negligence.*—*Evidence.*—To show contributory negli-

gence by the driver of a vehicle struck by an interurban car, it must be shown that after plaintiff was in a position where he saw his own danger, or could have seen it by the exercise of ordinary care, he had an opportunity to escape therefrom, and failed to do so. p. 143.

11. RAILROADS.—*Interurban.*—*Injury to Persons on Track.*—*Contributory Negligence.*—*Verdict.*—*Answers to Interrogatories.*—In an action for injuries sustained in a collision with an interurban car, where the complaint alleged that plaintiff was unavoidably placed in a perilous position on defendant's track, answers to interrogatories not showing affirmatively that he was negligent in failing to discover his danger in time to escape, or in failing to use proper efforts to escape after such discovery, are not in conflict with a general verdict for plaintiff. p. 143.

12. APPEAL.—*Ruling on Motion for Judgment on Answers to Interrogatories.*—*Pleadings.*—*Determination of Issues and Facts Provable.*—In passing on a motion for judgment on the answers to interrogatories, the court will look to the pleadings only to determine what the issues were and what facts could have been proved under them. p. 144.

13. APPEAL. — *Review.* — *Verdict.* — *Answers to Interrogatories.*— *Reconciliation with General Verdict.*—It is the duty of the court on appeal to reconcile the answers to interrogatories with the general verdict when possible to do so. p. 145.

From Superior Court of Marion County (75,926); *Vinson Carter*, Judge.

Action by Chris Schilling against the Indianapolis and Cincinnati Traction Company and another. From a judgment for defendants, the plaintiff appeals. *Reversed.*

*Frank T. Brown* and *Ernest T. Brown,* for appellant.
*Elam & Fesler* and *Claude Cambern,* for appellees.

LAIRY, C. J.—This action was brought by appellant to recover damages on account of personal injuries and injury to personal property which he sustained by reason of a collision with a car operated by appellee Henry, as receiver of the Indianapolis and Cincinnati Traction Company.

The case was submitted to a jury on the issues formed by the complaint and the answer filed in general denial by each of the appellees. The jury returned a general verdict

in favor of appellant, and assessed his damages in the sum of $1,400. The jury also returned with its general verdict answers to sixty-one interrogatories submitted to it under the direction of the court.

Appellees filed a motion in the trial court for judgment in their favor on the answers to interrogatories, notwithstanding the general verdict. This motion was sustained by the court, and appellant excepted, and this ruling and exception present the only question for review in this court.

1.

The question thus raised is to be decided from a consideration of the issues, the general verdict and the answers to interrogatories. The complaint, omitting the formal parts, is as follows: ''That said defendants maintained and controlled street railway tracks upon and along the highway which is known as the continuation of Prospect Street to the Michigan free gravel road, all in the county of Marion, State of Indiana. That on the seventeenth day of February, 1908, and at or about seven o'clock P. M. of said day while it was dark the plaintiff was driving a wagon drawn by two horses eastward on said highway on the right side of said highway and was approaching the subway under the tracks of the Indianapolis Union Railway, commonly known as The Belt Railroad, when one of the cars belonging to said defendants and controlled by defendants' agent or agents came up behind plaintiff on the south and outbound track upon which plaintiff was driving and by whistle signaled for plaintiff to clear the way for said car to pass said plaintiff. That at the time said car signaled to plaintiff to clear the way for said car plaintiff was driving on the south and outbound track and was unable to drive to the south of said south and outbound track to enable said car to pass him by reason of an embankment of dirt about six feet high at the distance of about nine feet from the north rail of the south and outbound track by reason of all of which he drove to the north and left hand side of said roadway onto the

north and inbound track of said defendants' traction line after which the said defendants' car passed plaintiff from the rear when he began to enter into the subway of said highway under the tracks of said Indianapolis Union Railway, commonly know as the Belt Railroad, at or near the west end of the stone abutment on either side of said subway. That said subway was at said time and is now about thirty-three feet wide between the said stone abutments, about sixteen and one-fourth feet of which was occupied by the tracks of said defendants in the center of said highway. That by reason of the great glare of light coming from the headlight of said car running eastward and which passed him plaintiff was blinded and by reason of the obstruction of the trestle work and tracks of the said Indianapolis Union Railway, commonly known as the Belt Railroad, over and above said subway and by reason of a hill beyond said trestle work, plaintiff was unable to see cars approaching said subway from the east on the north and inbound track until said cars were in or near to said subway. That there was a space of about eight feet in width from the north rail of the said north and inbound track to the said north stone abutment of said subway. That while on the said north and inbound track of said defendants and driving eastward at or near to the west entrance of said subway and before he was able to drive to the south and outbound track or get off of said north and inbound track in any direction the agent or agents of said defendants controlling and operating a car owned by said defendants which car was running westward and inbound negligently, carelessly and without warning to plaintiff ran said inbound car at a high rate of speed toward plaintiff, blinding plaintiff and blinding and frightening plaintiff's said horses with a sudden and great glare of light from the head light of said car. That defendants' agent or agents ran said car into and against the horses and against the horses and wagon driven by plaintiff with great force and violence by reason of which one of plaintiff's said horses

136 · APPELLATE COURT OF INDIANA.

Schilling *v.* Indianapolis, etc., Traction Co.—51 Ind. App. 131.

was killed; another of plaintiff's said horses was badly injured; the harness was torn to pieces; plaintiff's said wagon was demolished and plaintiff received severe injuries in and about his head, fracturing his skull; splitting the lower lid of his left eye; fracturing his cheek bone and the bones of his nose; his teeth were dislocated; the muscles and ligaments of his face were torn loose; plaintiff's nervous system was shocked and shattered and plaintiff was seriously and permanently injured. That plaintiff was on said date, to-wit: Feb. 17, 1908, the owner of said horses and wagon. That the said agent or agents of said defendants had knowledge or should have had knowledge of the dangerous conditions existing at the place where plaintiff was struck by said defendants' car. That with reasonable care defendants' agent or agents in control of said car could have seen plaintiff and plaintiff's peril and stopped said car before striking plaintiff. That plaintiff at the time he sustained said injuries was at a place where he had a right to be; that said injuries were caused by negligence and carelessness of defendants and that plaintiff was free from negligence. That by reason of the killing of said horses and the demolishing of said harness and wagon, plaintiff has been damaged in the sum of two hundred and fifty dollars. That on account of said injuries the plaintiff has sustained permanent injuries; has suffered great pain and intense anguish; incurred large expense for medical attention and medicine; has been prevented from following his usual occupation and by reason thereof has been damaged in the sum of $15,000.00. Wherefore plaintiff, Chris Schilling sues and demands judgment against the defendants in the sum of $15,000.00 for costs and all other proper relief.''

Every material averment of this complaint was put in issue by the general denial, and the general verdict is a finding in favor of appellant on every material point thus in issue. This general verdict will be sustained, unless the answers to the interrogatories are

in such irreconcilable conflict with, or so antagonistic to the general verdict that both cannot stand.

On the part of appellees it is claimed that the answers to interrogatories are in conflict with the general verdict on two material points at issue, viz., the negligence of appellees, as charged in the complaint, and the contributory negligence of appellant.

Appellant and appellees do not agree as to the theory of the complaint. Appellees contend that the complaint in charging negligence against them proceeds on the theory that appellant, just prior to his injury, was in a position of danger on the track of appellees, from which he was unable to escape, by reason of conditions described in the complaint, which were known to appellees; and that by the exercise of reasonable care on the part of the agents of said appellees in control of said car, they could have seen appellant's peril and stopped the car before striking him. Appellant insists that he is not limited to this theory, but does not point out any other theory on which the complaint can be good.

It is well settled in this State that a pleading must proceed on a single, definite theory, and that a plaintiff cannot declare on one theory and recover on another. *City of Logansport* v. *Uhl* (1885), 99 Ind. 531, 50 Am. Rep. 109; *Cottrell* v. *Aetna Life Ins. Co.* (1884), 97 Ind. 311. It is therefore necessary to determine the theory of the complaint in order that we may know what facts therein averred relating to negligence are put in issue by the general denial.

The complaint in our mind clearly proceeds on the theory indicated by appellees. It is true that the complaint in a former part avers, in substance, that defendants' agents in charge of said in-bound car carelessly, negligently and without warning ran said car at a high rate of speed toward plaintiff, blinding him and blinding and frightening his horses, with a sudden and great glare

of light from the headlight of said car; that defendants' said agent or agents ran said car into and against the horses and wagon driven by plaintiff, and caused the injuries described. If these averments could be considered alone, and without reference to the other averments of the complaint, we might be led to believe that the pleader was proceeding on the theory that the conditions of the highway, described, at the place where the collision occurred were of such a character as to render it dangerous to operate a car at that point at a high rate of speed, and that, by reason of such conditions, reasonable care required that appellees' cars should be so operated when approaching and passing that point as to be under the control of the motormen, so as to be stopped within a short distance, and that appellees were guilty of negligence in operating said car at such a high and negligent rate of speed that the agents were unable to stop it in time to prevent the collision described in the complaint. It will be seen from an examination of the averments of the complaint referred to, that they fall far short of stating facts sufficient to constitute a cause of action on this theory. It is not averred that the car was being operated at an unlawful, dangerous or negligent rate of speed. It is averred that the car was negligently operated at a high rate of speed, but whether the rate of speed constituted the negligence, or whether the negligent operation was due to some other cause, is not stated. It is also averred that defendants' agents ran said car against the horses and wagon driven by plaintiff, but whether this was caused by the high rate of speed, or was due to some other cause, is not shown. We think that these averments, when considered alone, indicate that the pleader did not proceed on the theory that injury was caused by the car being operated at a negligent rate of speed; but when we consider these averments in connection with other allegations of the complaint, we become confirmed in this belief. It is averred that, with reasonable care, defendants' agent or agents in control of said car could have

seen plaintiff and plaintiff's peril, and stopped said car before striking him. This averment clearly indicates that the car which struck plaintiff was not running at a high and negligent rate of speed so as to be beyond the control of the operator, but, on the other hand, that its speed was such that it could have been stopped after the person in charge of it was in a position to have seen plaintiff's danger and before the collision; and that the negligence of defendants consisted either in a failure to exercise proper care to discover plaintiff's dangerous situation, or to make proper efforts to stop the car after such discovery. The two

6. theories are inconsistent, and we must adopt that theory which is most consistent with the general character and scope of the pleading, and disregard isolated and detached allegations which are not essential to the main theory. *Monnett* v. *Turpie* (1892), 132 Ind. 482, 32 N. E. 328; *State, ex rel.,* v. *Scott* (1908), 171 Ind. 349, 86 N. E. 409.

The doctrine of last clear chance is usually applied in cases where the negligence of the defendant is shown, and where it also appears that the plaintiff, or decedent,

7. by his own negligence has placed himself in a position of imminent peril exposing him to danger as a result of the negligence of the defendant. In such a case it may be shown that the plaintiff, or decedent, prior to the collision had placed himself in a position of apparent and imminent peril from which he was unable to extricate himself by the use of due care, and that after this condition had arisen, and before the injury, the defendant or its servants knew of the dangerous situation, or might have known of it by the exercise of proper care in time to have prevented the injury. Under such a state of facts, the negligence of the person injured is deemed to have terminated at the time he reached a situation where due care on his part was no longer of any avail; and if after that time the defendant could have prevented the injury by the exercise of due care,

and failed to do so, such failure will be regarded as the sole proximate cause of the injury. The negligence may have consisted either in a failure to use proper care to discover the exposed and helpless condition of the person injured in time to avoid the injury, or in a failure to use proper care after such discovery; in either case, such negligence of the defendant is deemed to be subsequent to that of the plaintiff, and it is regarded as the sole proximate cause. *Louisville, etc., R. Co.* v. *East Tenn., etc., R. Co.* (1894), 60 Fed. 993, 9 C. C. A. 314; *Indianapolis St. R. Co.* v. *Schmidt* (1905), 35 Ind. App. 202, 71 N. E. 663, 72 N. E. 478; *Grass* v. *Fort Wayne, etc., Traction Co.* (1908), 42 Ind. App. 395, 81 N. E. 514. It is apparent, however, that the same doctrine may be invoked in charging original negligence to a defendant. In this case, it is averred that certain dangerous conditions existed in the street or highway at or near the point where the collision occurred, which conditions were known to appellees, and that as appellant approached the place he drove his team from the south, or outgoing track to get out of the way of an outgoing car, and in so doing entered upon the north or incoming track, and that in entering upon said track he was in a place where he had a right to be, and was without fault. As we construe the complaint, it does not charge that appellees' agents were guilty of any negligence in the operation of the car in question prior to the time the car reached a point on the tracks where said agents in charge of the car could have seen appellant and the dangerous situation in which he was placed. Both appellant and the appellees being free from negligence up to that time, if both had remained free from negligence from then until the collision, there could be no recovery; but if said appellees were negligent after that time, and appellant remained free from negligence, said appellees are liable. It is alleged that with reasonable care appellees' agent or agents in control of said car could have seen appellant and his peril, and stopped said car before strik-

ing him. This is sufficient to show that the agents of appellees were negligent either in failing to use proper care to discover appellant's danger, or in failing to use proper means to stop the car after such discovery. These facts, as averred in the complaint, constitute original negligence. Under the general denial, it could be proved as a defense that after appellant saw the car approaching, or could have seen it by the exercise of ordinary care, he had time and opportunity to escape from the dangerous situation in which he was, and did not do so.

Under the issues formed by the complaint as we have construed it, and the general denial thereto, it was necessary, in order to establish negligence as against appellees, that appellant should prove, (1) that immediately prior to the collision he was in a position of imminent peril on or near the tracks of appellee traction company; (2) either that the agents of the appellees in charge of the approaching car saw him and the danger to which he was exposed some time before the collision, and that by the exercise of reasonable care said agents could have slackened the speed of said car in time to have avoided or mitigated the injury, and that they failed to do so, or that by the exercise of ordinary care and watchfulness the agents of the appellees could have observed appellant and the danger to which he was exposed in time to have prevented or mitigated the injury by the exercise of ordinary care, and that they failed to exercise proper care in this respect.

The general verdict finds in favor of appellant on 8. all these issues, and the first question presented is whether the answers to the interrogatories are in irreconcilable conflict with the general verdict on the issues so presented.

As bearing on the question of the negligence of appellees, the jury found, by way of answers to interrogatories, that the west-bound car was running at the speed of thirty miles an hour at the time its motorman first

saw appellant's team and wagon on the track, and that said car was at the time about 600 or 700 feet east of the subway; that as soon as the motorman saw appellant and his team on the track he blew the whistle, sounded the gong, applied the brakes, reversed the power, and did all that he could to stop the car and avoid striking appellant and his team. On behalf of the company it is insisted that the facts so found show that it was not guilty of the negligence charged in the complaint. We agree that these facts show that appellees' agents were not guilty of negligence in failing to use proper means to stop the car after they saw appellant's danger. To that extent the answers to the interrogatories are in conflict with the general verdict, but they are not in conflict with the general verdict on the other issue of negligence presented by the complaint. The complaint in this case averred facts showing that prior to the collision appellant was in a situation on the tracks, from which, by reason of conditions which surrounded him, he could not escape in time to avoid the injury. Evidence was admissible under the issues to show that said agents were negligent in failing to use proper care and diligence to discover the danger to which appellant was exposed, and that if said agents had exercised proper care in keeping a look-out along the track they would have discovered appellant's danger sooner than they did, and would have been able to stop the car sooner, and thus avoid a collision. In passing on the motion for judgment on the answers to interrogatories, notwithstanding the general verdict, the presumption is that evidence of this character was introduced, and that the general verdict rests on such evidence. The answers to interrogatories are not in irreconcilable conflict with the general verdict on the issue of appellees' negligence as charged in the complaint.

We shall now consider whether the answers to interrogatories are in irreconcilable conflict with the general

9.    verdict on the issue of contributory negligence. The burden was on appellees to prove that appellant was

guilty of negligence which proximately contributed to his injury. Under the averments of this complaint, it is not enough for appellees to show that appellant was guilty of negligence in approaching and entering on the track where he was exposed to the danger of being injured. If it appears that the agents of appellees could, by the exercise of ordinary care, have discovered appellant's danger in time to have stopped the car and prevented the injury, then this situation is treated as a condition with reference to which appellees were, required to act, and not as the proximate cause of the injury. In order to show contributory negligence on the part of appellant in this case, it was necessary to show that after he was in a position where he saw his own danger, or could have seen it by the exercise of ordinary care, he had an opportunity to escape from that danger, and failed to do so. The answers to the interrogatories do not show what the conditions were which surrounded appellant from the time he was first in a position to discover his own danger until the time of the collision. The evidence may have shown that his team was unmanageable at the time, or that he was surrounded by conditions which made it impossible for him to escape the threatened danger. The general verdict finds that appellant was free from contributory negligence, and the answers to the interrogatories do not show affirmatively that he was negligent in failing to discover his danger in time to escape, or in failing to use proper efforts to escape after such discovery. The answers to the interrogatories are not in irreconcilable conflict with the general verdict, and the court erred in sustaining the motion of appellees for judgment thereon, notwithstanding the general verdict.

The cause is reversed, with directions to the lower court to grant a new trial, with leave to amend pleadings.

## On Petition for Rehearing.

Lairy, J.—In the brief of appellees on petition for rehearing, certain averments of the complaint are referred to in connection with the interrogatories, and we are asked to consider the facts so averred as true in passing on the motion for judgment on the interrogatories. In passing on this motion the court will look to the pleadings for the purpose of determining what the issues were and what facts could have been proved under them. This is the only purpose for which the pleadings are considered in passing on this motion.

Appellees urge that the original opinion is in conflict with the case of *Chicago, etc., R. Co.* v. *Hedges* (1889), 118 Ind. 5, 20 N. E. 530. In that case the special findings showed that the person struck by the train was a pedestrian, and that he walked onto the track when the car which struck him was 200 feet away, and stood there, without apparently seeing the approach of the car, until he was struck. There was nothing to prevent him, at any time before the accident occurred, from getting out of the way of the car, had he observed it, and his want of care in failing to see the approach of the car continued up to the time of the injury. If his foot had been fast, or if he had fallen on the track so as to be unable to escape the threatened danger by the exercise of due care, a different rule would have applied. In this case, appellant was driving a team hitched to a wagon, and, under the averments of the complaint, the liability of appellees is made to rest on the doctrine of last clear chance. Under the issues it was competent for appellant to show that the conditions surrounding him in the street were such that he could not, by the exercise of care, escape from his place on the tracks in time to avoid the injury. The jury found by its general verdict that appellant was free from contributory negligence. Evidence of the character referred to would tend to support the general verdict as to this issue.

On this issue the general verdict can rest on such evidence, and not be in conflict with answers to any of the interrogatories. It is the duty of this court, under the authorities, so to reconcile the answers to interrogatories with the general verdict.

Petition overruled.

NOTE.—Reported in 96 N. E. 167, 97 N. E. 124. See, also, under (2) 31 Cyc. 195; 38 Cyc. 1869; (3) 38 Cyc. 1927; (4) 31 Cyc. 116, 680; (6) 31 Cyc. 84; (7) 36 Cyc. 1565; (8) 36 Cyc. 1646; (9) 36 Cyc. 1584; (10) 36 Cyc. 1605; (11) 36 Cyc. 1646; (13) 38 Cyc. 1927. As to when contributory negligence does not bar recovery, see 8 Am. St. 850.