## INDIANA UNION TRACTION COMPANY v. KRAEMER.

[No. 7,974. Filed June 19, 1913. Rehearing denied December 12, 1913.]

1. STREET RAILROADS.—*Injuries to Persons on Tracks.—Contributory Negligence.—Jury Question.*—Where the evidence showed that plaintiff on starting to cross a street looked for an approaching car, that he could see for a distance of 490 feet and saw none, that when he had walked about forty feet and was six or seven feet from where he was struck, he again looked for a distance of thirty or forty feet and saw no car, the question of whether he was guilty of contributory negligence in failing to look for an approaching car at other times and places before reaching the track was one of fact for the jury. p. 192.

2. STREET RAILROADS.—*Injuries to Persons on Tracks.—Contributory Negligence.—Evidence.*—While a pedestrian, who looks before crossing a street car track, but fails to see an approaching car which is visible, will in case of injury be charged with having seen what he should have seen, where the evidence as to the speed of a car was conflicting and there was evidence from which the jury may have believed that the car approached at an unusual rate of speed, the court cannot say as a matter of law that plaintiff was guilty of contributory negligence, even though he could have seen the car when he looked, since on failing to see the car he may have been justified, from the usual speed of cars in that locality, in believing that he was safe in crossing. p. 192.

3. STREET RAILROADS.—*Injuries to Persons on Tracks.—Contributory Negligence.—Last Clear Chance.*—Where there was evidence showing that a street car motorman saw a pedestrian crossing the street in such a manner that a collision seemed imminent, giving no indication of stopping, and by his conduct and appearance indicating to a reasonably prudent man that he was unconscious of the approach of the car, and saw that such pedestrian was closely approaching a place where he would be struck by the car, and the physical facts tend to show that the motorman could have so operated the car as to have avoided the injury, it be-

Indiana Union Traction Co. *v.* Kraemer—55 Ind. App. 190.

came the duty of such motorman to take all reasonable measures to prevent the collision, and the jury was justified, in view of evidence that the motorman did not stop the car as soon as he could have, in finding defendant liable under the doctrine of last clear chance, regardless of plaintiff's negligence. p. 193.

4. APPEAL.—*Review.*—*Instructions.*—There was no error in instructing on the doctrine of last clear chance where the issues and evidence warranted the application of the doctrine; nor in the refusal of an instruction stating that if plaintiff's negligence continued to the time of his injury, he could not recover, even if defendant was negligent. p. 194.

5. STREET RAILROADS.—*Injuries to Persons on Tracks.*—*Contributory Negligence.*—*Last Clear Chance.*—Where plaintiff was negligent in getting into a place of danger in front of defendant's car, and the motorman saw him and could have avoided or mitigated the danger by the use of reasonable means at his command, the defendant is liable for the injuries sustained by plaintiff, even though the latter's negligence continued to the instant of injury, since in such case the negligence of the motorman in failing to take the proper precautions is regarded as the active or proximate cause of the injury. p. 195.

6. EVIDENCE.—*Admissibility.*—*Matter Explanatory of Facts in Evidence.*—In an action for injuries sustained by being struck by an electric car, where defendant's attorneys at the trial put in evidence the fact that, though plaintiff claimed that riding on cars caused him great pain, he made a trip on defendant's road about a month after the accident, it was proper to admit the testimony of plaintiff that he made the trip, while suffering much pain, in compliance with the request of defendant's claim agent who told him that defendant might settle, where the court stated that the evidence was not admitted for the purpose of binding defendant in any way, but merely to show why and under what circumstances plaintiff made the trip. p. 195.

From Superior Court of Marion County (78,110) ; *Joseph Collier,* Judge.

Action by Jacob H. Kraemer against the Indiana Union Traction Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*J. A. Van Osdol* and *Kittinger & Diven,* for appellant.
*Rucker & Rocap,* for appellee.

IBACH, J.—In this action appellee recovered $1,500 for personal injuries sustained when he was struck by appel-

lant's interurban car while he was walking across Massachusetts Avenue in Indianapolis. The only errors assigned arise under the motion for new trial. They are, that the verdict is not sustained by sufficient evidence in that the evidence shows contributory negligence on appellee's part; that the court erred in giving instructions Nos. 25, 26 and 27 embodying the doctrine of last clear chance; and in failing to give instruction No. 3 at appellant's request; and in permitting appellee to testify over appellant's objection to a conversation with appellant's claim agent.

The evidence shows that appellee started diagonally across Massachusetts Avenue at an alley crossing, during a heavy rain, and carrying an umbrella pulled down low over his head, that he looked to the northeast before starting across the street, and saw no car; that he could see at that time about 490 feet; that when he had walked about forty feet and was about two or three feet from the track, about six or seven feet from where he was struck, he glanced out from under the umbrella to the northeast up the track, and saw no car within a distance of thirty, forty or fifty feet; that when he had taken one or two steps on the track, he was struck by appellant's interurban car coming from the northeast, and was injured. There was testimony that the car was running at the rate of twenty miles an hour, other witnesses placed its speed as low as eight miles an hour; several witnesses testified that they did not hear any gong sounded, or signals given, others testified that the gong was sounded several times.

Appellee looked from two points in the direction from which the car was coming, but saw no car. Whether he was guilty of contributory negligence in failing to

1. look in that direction for an approaching car at other times and places before reaching the tracks of appellant, was wholly a question of fact for the jury, and

2. not one of law for the court. It must be remembered that he was also under a duty to look for cars in an

opposite direction, and to look out for wagons and other vehicles, some of which, according to the evidence, were in the vicinity at the time. It would scarcely be negligence to attempt to cross when no car was in sight for thirty, forty or fifty feet, for unless the car was coming at an unusual rate of speed, he could cross before the car. The physical facts are such that either the car must have been coming at a very high rate of speed, or it must have been in sight when appellee looked up the track. If it was in sight, and he looked and failed to see it, he is chargeable with what he should have seen. If the jury believed that the car was coming at an unusual rate of speed, we can not say as a matter of law that it was not justified in finding that appellee was not guilty of contributory negligence, for, from the usual rate of speed of cars in that locality, he may have been justified in believing that, since there was no car in sight when he looked, he was safe in crossing.

On the other hand, the jury may have found appellee guilty of negligence, and yet have found appellant liable under the doctrine of last clear chance. The motorman testified that he saw appellant as soon as he left the sidewalk, crossing the street diagonally, in a hard rain, with an umbrella pulled down over his head, and his back three-quarters turned to the car, that as soon as he saw him, he immediately put the brakes on the car, and stopped it as soon as he could. There was other testimony tending to contradict this, and the physical facts tend to show that if the motorman, as he testified, saw appellee from the time he left the sidewalk, he could have operated his car in such a manner as to avoid the collision. If the motorman saw appellee coming across the street in such a manner that a collision seemed imminent, giving no indications of stopping, but rather by his conduct and appearance indicating to a reasonably prudent man that he was wholly unaware and unconscious of the approach of the car, and

the motorman saw that he was thereby closely approaching a place where he would be struck by the car, it became his duty to take all the measures to prevent a collision which a reasonably prudent man would take, and under the evidence and the issues, it was a question for the jury to determine whether the motorman used such measures. The doctrine of last clear chance was brought in issue by the complaint, and there was evidence to which it was applicable.

Instructions Nos. 25, 26 and 27 upon the doctrine of last clear chance are supported by the authorities cited below, and were properly given. Appellant's objections to these instructions are met by what is said with reference to instruction No. 3, below. *Indianapolis St. R. Co. v. Schmidt* (1905), 35 Ind. App. 202, 71 N. E. 663, 72 N. E. 478; *Indianapolis St. R. Co. v. Marschke* (1906), 166 Ind. 490, 77 N. E. 945; *Indianapolis Traction, etc., Co. v. Smith* (1906), 38 Ind. App. 160, 77 N. E. 1040; *Saylor v. Union Traction Co.* (1907), 40 Ind. App. 381, 81 N. E. 894; *Indianapolis Traction, etc., Co. v. Kidd* (1906), 167 Ind. 402, 79 N. E. 347, 7 L. R. A. (N. S.) 143, 10 Ann. Cas. 942; *Southern R. Co. v. Fine* (1904), 163 Ind. 617, 72 N. E. 589; *Indianapolis St. R. Co. v. Bolin* (1906), 39 Ind. App. 169, 78 N. E. 210; *Grass v. Ft. Wayne, etc., Traction Co.* (1908), 42 Ind. App. 395, 81 N. E. 514; *Indiana Union Traction Co. v. Meyers* (1911), 47 Ind. App. 646, 93 N. E. 888; *Southern Indiana R. Co. v. Drennen* (1909), 44 Ind. App. 14, 88 N. E. 724; *Evansville, etc., Traction Co. v. Spiegel* (1912), 49 Ind. App. 412, 94 N. E. 748, 97 N. E. 949; *Indianapolis Traction, etc., Co. v. Croly* (1913), 54 Ind. App. 566, 96 N. E. 973, 98 N. E. 1091; *Evansville, etc., R. Co. v. Johnson* (1913), 54 Ind. App. 601, 97 N. E. 176; *Cleveland, etc., R. Co. v. VanLaningham* (1913), 52 Ind. App. 156, 97 N. E. 573; *Cleveland, etc., R. Co. v. Henson* (1913), 54 Ind. App. 349, 102 N. E. 399. Instruction No. 3 requested by appellant was properly refused. It would have told the jury that if appellee's negligence

continued up to the time of his injury, he could not recover, even if appellant was negligent. Such is not the law.

5. If appellee was negligent in getting into a place of danger from appellant's car and appellant's motorman saw him in such place of danger, and could have avoided or mitigated the danger by the use of reasonable means at his command, appellant was liable, even though appellee's negligence continued to the instant of his injury. Such negligence of appellee is not contributory negligence, for the active cause of the accident was not appellee's negligence, but the active or proximate cause was the negligence of appellant's motorman in failing to take proper precautions after he saw appellee in a place of danger. See *Indianapolis Traction, etc., Co.* v. *Croly, supra,* and other authorities cited above.

The court did not err in allowing appellee to testify that the reason he went to Anderson shortly after his injury, while he was suffering much pain, was that he had 6. been asked to go there by appellant's claim agent, who told him that the company might make a settlement. Appellant's attorneys, in attempting to minimize the effect of appellee's injuries, had brought out the fact that though he claimed riding on cars caused him great pain, yet he had made a trip to Anderson on the interurban road of appellant about a month after the accident. The court then allowed the testimony objected to to show the circumstances under which he went to Anderson, stating that he admitted the evidence not for the purpose of binding appellant in any way, but as a circumstance tending to show how he went to Anderson, and the circumstances under which he went. Appellant invited this testimony, and paved the way for it, and no error was committed in its admission.

No error appears, and the judgment is affirmed.

NOTE.—Reported in 102 N. E. 141. As to the duty to look and listen before crossing tracks of an electric road, see 15 L. R. A. (N. S.) 254; 23 L. R. A. (N. S.) 1224. As to whether wantonness or

wilfulness, precluding defense of contributory negligence, may be predicated on the omission of a duty before the discovery of a person in peril on a railroad or street railway track, see 21 L. R. A. (N. S.) 427. See, also, under (1) 36 Cyc. 1626; (2) 36 Cyc. 1622; (3) 36 Cyc. 1565; (4) 36 Cyc. 1641; (5) 36 Cyc. 1567; (6) 16 Cyc. 1117, 1118.