# THE CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY *v.* HENSON.

[No. 7,987. Filed June 25, 1913. Rehearing denied
October 29, 1913.]

1. NEGLIGENCE.—*Contributory Negligence.—Last Clear Chance.—
   Complaint.*—A complaint in an action for negligence, drawn on
   the theory of the doctrine of last clear chance, is not subject to
   demurrer because its averments show that plaintiff was guilty
   of negligence, if facts are alleged showing that plaintiff's negli-
   gence was merely a remote condition and that defendant's negli-
   gence was the proximate cause of the injury. p. 353.
2. RAILROADS.— *Crossing Accidents.— Complaint.— Sufficiency.*—A
   complaint for injuries sustained in a crossing accident, charging
   that the servants in charge of defendant's train saw plaintiff in
   the act of driving on the crossing at a time when he was wholly
   unaware of the approach of the train, that just prior to the col-
   lision plaintiff was in a position of danger on the tracks from
   which he was unable to extricate himself, all of which was
   known to defendant's servants, and that such servants by the ex-
   ercise of due care could have slackened the speed of the train,
   or stopped it, before colliding with plaintiff, but failed to do so,
   sufficiently states a cause of action under the doctrine of last
   clear chance. p. 354.
3. TRIAL.—*General Verdict.—Scope.*—A general verdict determines
   every material fact in issue in favor of the party for whom the
   verdict is returned, and is a finding in his favor upon every ma-
   terial averment in the complaint upon which there is no special
   finding. p. 354.
4. TRIAL.—*General Verdict.—Answers to Interrogatories.*—Every
   reasonable presumption and intendment is indulged in favor of a
   general vedict, and it will not be overcome by answers to inter-
   rogatories unless the conflict between them and the verdict is
   such that it cannot be removed by any evidence legitimately ad-
   missible under the issues. p. 354.
5. RAILROADS. — *Crossing Accidents. — Contributory Negligence.—
   Burden of Proof.*—Although plaintiff exposed himself to injury
   by his own negligence in driving upon defendant's tracks, the
   burden still remained with defendant to show that such negli-
   gence was the proximate cause of the injury, and unless it was
   the proximate cause, such negligence is no bar to a recovery by
   plaintiff. p. 356.

6. RAILROADS.—*Crossing Accidents.—Notice of Approaching Train.* —A person of ordinary senses and understanding, injured in a collision with a train at a railroad crossing, will be charged with constructive knowledge that the train was approaching the crossing at the time he approached it, if in the exercise of ordinary care he could have seen and heard such train. p. 356.

7. RAILROADS. — *Crossing Accidents. — Negligence. — Contributory Negligence.*—Where plaintiff was negligent in going upon defendant's tracks, the fact that defendant was negligent in running its train at a high rate of speed in violation of a city ordinance cannot avail plaintiff, if his own negligence contributed to the injury, and he cannot recover unless the doctrine of last clear chance applies. p. 856.

8. RAILROADS.—*Crossing Accidents.—Last Clear Chance.* — Notwithstanding plaintiff's negligence in exposing himself to danger by going upon defendant's tracks when a train was approaching, the defendant is liable for the injury inflicted, if the defendant's servants saw plaintiff approaching the tracks unconscious of the danger and by the exercise of ordinary care they could have avoided or mitigated the injury. pp. 357, 358.

9. RAILROADS.—*Crossing Accidents.—Verdict.—Answers to Interrogatories.*—A general verdict for plaintiff, in an action for injuries sustained in a collision with a train at a highway crossing, is not overcome by answers to interrogatories which show that plaintiff was negligent in going upon the tracks, that he was seen approaching the tracks by the fireman, who, when he realized that plaintiff was proceeding to drive on the crossing, called to the engineer, and that the engineer immediately applied the emergency air-brake, since under the issues evidence was admissible to show that such engineer might have done more to stop the engine, or that he failed to do all that a reasonably prudent man would have done to stop same. p. 357.

10. APPEAL.—*Review.—Instructions.*—Instructions will furnish no ground for reversal, if taken as a whole they state the law applicable to the evidence clearly and accurately. p. 358.

From Montgomery Circuit Court; *Jere West, Judge.*

Action by Robert Henson, by his next friend, John P. Henson, against The Cleveland, Cincinnati, Chicago and St. Louis Railway Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Leonard J. Hackney, Frank L. Littleton, Benjamin Crane* and *Charles M. McCabe,* for appellant.

*Clyde H. Jones* and *John B. Murphy,* for appellee.

IBACH, J.—Action by appellee, a minor, by his next friend to recover damages for personal injuries which he sustained at the Perry Street crossing of appellant's railroad in the city of Veedersburg, on account of the alleged negligence of appellant. The complaint is in three paragraphs. The first proceeds upon the theory of a common-law liability in which various acts of negligence are charged in the operation of the train which collided with appellee. The second is predicated upon the theory of wilful negligence on the part of appellant's servants, and the third proceeds upon the theory that appellant is chargeable under the doctrine of the last clear chance. Separate demurrers to each of these paragraphs of complaint were overruled. The answers placed in issue every material averment of the complaint. The trial resulted in a verdict for appellee in the sum of $3,000.

The errors assigned bring to our attention the action of the trial court in overruling appellant's demurrer to the third paragraph of complaint, and in overruling its motions for judgment on the answers to interrogatories, notwithstanding the general verdict, and for new trial.

The third paragraph of complaint is long, and after setting forth the usual and necessary preliminary averments in cases of this character contains the following averments of negligence: "Plaintiff further avers that on August 15, 1907, this plaintiff was a traveler in a two-horse covered wagon upon said Perry Street traveling south toward said railway track, and that as he approached said railway track he looked each way for approaching trains and listened, but did not see or hear any train approaching, that he, therefore, attempted to cross said railway track at said place and plaintiff at no time knew of the approach of said train as herein alleged, and plaintiff avers that a train upon the defendant's track, run and operated by the servants of the defendant, known as the Knickerbocker Special, running thirty minutes late, approached said railway crossing from

the northwest running at a negligent, dangerous and high rate of speed, to wit: Fifty miles per hour, and that the servants of defendant on said train, in wanton and reckless disregard of human life, with full knowledge of the dangerous condition of said crossing, with full knowledge that many people daily traveled said Perry Street and over and across said railway at said place, with full knowledge that the vision of a train was obscured by reason of the lay of the ground, with full knowledge that the noises coming from said factory prevented a traveler hearing the approach of a train, and with full knowledge that he was entering a populous city he approached said railway crossing aforesaid. That the servants of defendant on the engine of said train observed the plaintiff as he approached said railway track and knew or by the exercise of reasonable care should have known that plaintiff would undertake to cross the same, in time for the defendant to have stopped said engine and train before colliding with the plaintiff's wagon, and plaintiff avers that said servants of the defendant knew that at the rate of speed plaintiff was traveling and the rate of speed in which said locomotive and train were traveling, that the plaintiff could not get across said track in time to avoid being struck by said train. Plaintiff avers that at the time plaintiff was approaching said track of defendant and was proceeding to cross the same that defendant's said train was six hundred feet from said crossing at said Perry Street; that defendant's servants saw plaintiff's team and wagon at said time and knew that plaintiff was proceeding to cross said track and defendant further knew that if said train was not stopped or the speed of said train was not checked at said time that defendant's train would collide with plaintiff and would seriously injure or kill him. Defendant further knew that plaintiff did not know of the approach of said train at any time and defendant knew that plaintiff was not at any time aware of his perilous situation. That when said train was six hundred feet from said crossing and at the

time defendant knew plaintiff was proceeding to cross its track as aforesaid, said train could have been stopped by defendant within two hundred feet from said point and could have been checked sufficiently in time to have prevented any injury to plaintiff, but defendant's said servants on the engine of said train carelessly and negligently failed to stop said train although fully able to do so, and carelessly and negligently failed to check the speed of same in any way whatever. Plaintiff avers that the defendant, by and through its said servants on the engine of said train as aforesaid, continued to run said engine and train attached thereto, without giving plaintiff any warning of its approach, at said high and dangerous rate of speed without attempting in any way to stop or check the speed of same, although fully able to do so, on toward said crossing over which plaintiff was at the time attempting to cross, and hurled said locomotive engine, running at said dangerous rate of speed aforesaid at and against the wagon in which the plaintiff was then riding and against this plaintiff, by reason whereof, the said wagon was broken to pieces and demolished, and plaintiff was struck and hurled ninety feet through the air with great force and violence, by reason of which'' plaintiff was injured in a manner fully set out.

Appellant contends that this paragraph of complaint clearly shows appellee to have been guilty of such negligence on his own part as will preclude a recovery, and therefore its averments fail to state a cause of action. That appellee was negligent in the manner in which the pleading shows he attempted to cross appellant's tracks, must be conceded, but since it is clear that the complaint was drawn upon the theory of the doctrine of last clear chance, the averment of facts showing negligence of the part of appellee will not suffice to make the pleading bad if it further appears therein that appellee's negligence was merely a remote condition, and that appellant's negligence was the

proximate cause of the injury. This paragraph charges that appellant's servants saw appellee in the act of driving

2. upon the company's tracks and at a time when appellee was wholly unaware of the approach of the train, that just prior to the collision, he was in a position of danger on the tracks of appellant from which he was unable to extricate himself by reason of the facts and conditions described in the complaint, all of which the servants of appellant fully knew, and that they by the exercise of due care could have slackened the speed of the train or stopped it before colliding with appellee but failed to do so. We are satisfied that the facts pleaded are sufficient to present the question whether appellant could, by the exercise of ordinary care, have prevented the collision with appellee and his injury, in spite of his own negligence, and therefore states a cause of action. *Schilling* v. *Indiana, etc., Traction Co.* (1912), 51 Ind. App. 131, 96 N. E. 167, 97 N. E. 124; *Indianapolis Traction, etc., Co.* v. *Croly* (1913), *post* 566, 96 N. E. 973, 98 N. E. 1091; *Cleveland, etc., R. Co.* v. *Klee* (1900), 154 Ind. 430, 56 N. E. 234; *Indiana Union Traction Co.* v. *Kraemer* (1913), 55 Ind. App. —, 102 N. E. 141.

It is claimed by appellant that the answers to the interrogatories are in conflict with the general verdict, and that they must control, rather than the general verdict.

3. In the consideration of this proposition it must be kept in mind that the general verdict determines every material fact in issue in favor of the party for whom the verdict is returned, that it is a finding in his favor upon every material averment in the complaint upon which there is no special finding, that every reasonable presump-

4. tion and intendment must be made in favor of the general verdict, and that a request for judgment on the answers to the interrogatories must be denied when the conflict between the general verdict and the interrogatories is not such on the face of the record as to be beyond the

possibility of being removed by any evidence legitimately admissible under the issues.

The jury, by its answers to interrogatories, found the following facts bearing upon the question of appellant's negligence: There was a speed ordinance in the city of Veedersburg limiting the speed of trains to six miles an hour. Plaintiff knew of this ordinance, was not familiar with the speed of trains as they passed over the Perry Street crossing, but knew that this train frequently traveled over the crossing at a speed faster than six miles per hour, and there is no evidence that he presumed on the day he was injured that the train would obey the ordinance. The train which collided with appellee was running fifteen or twenty miles an hour or faster. The engineer blew the whistle for the crossing of Perry Street, and the whistle was blown several times between a point 1,500 feet west of the corporate limits of Veedersburg and the crossing, including one shrill blast just before appellee was struck. Plaintiff was possessed of good eyesight and hearing, could have heard the train as it approached the crossing if he had listened, could have seen it in time to avoid injury, and if he had seen the train as soon as the fireman saw the wagon, could have avoided the injury. Plaintiff was driving a covered milk wagon, and there is no evidence that he looked or listened for a train after leaving the last house where he delivered milk. He could not have seen the train until he came upon defendant's right of way, within about thirty-three feet of the track. He started from the last place where he delivered milk and drove his team steadily in a slow trot, at the rate of two, three, or four miles per hour to and upon the crossing, or so near upon it that he could not have escaped injury, without looking or listening toward the west, from which direction the train was coming, until he was so far on the track that he could not escape injury. He was familiar with the schedule time of the train. The train was running eight minutes behind

schedule time at a station about fifteen miles west of Veeders-
burg. The team and wagon driven by plaintiff was first
observed by defendant's fireman, who was on the north side
of the engine, when the engine was about 400 feet west of
the crossing and the team and wagon was thirty or forty feet
from the track. The team did not have the appearance of
being driven by any one, and plaintiff did not come at all
into view of the fireman. The fireman assumed that the
driver would stop the team before he reached the railroad
crossing. As soon as the fireman realized that the driver
was attempting to drive onto the crossing he warned the
engineer, by saying, ''Look out, there's a team,'' or words
to that effect, and the engineer immediately applied the emer-
gency air-brake on his locomotive. Neither the fireman nor
engineer had any desire or intention to inflict any injury on
plaintiff or the team or wagon, or to cause or permit the
engine to collide with the team or wagon. Perry Street was
little used for vehicle travel, and was not a main thorough-
fare.

Although appellee by his own negligence in approaching
and driving upon appellant's tracks exposed himself to in-
jury, the burden still remained with appellant to show
5. that such negligence was the proximate cause of his
injury, and if it appears that appellee's negligence
was not the proximate cause of his injury, he will not be
barred from a recovery. It must be conceded that Henson
was negligent in getting into a place of danger. He is
6. chargeable with constructive knowledge that the train
was approaching the crossing at the time he was
traveling towards it, for he, a person of ordinary senses and
understanding, should in the exercise of ordinary care have
seen and heard the approaching train. It is apparent
7. also that defendant was negligent in running its train
at a high rate of speed, contrary to the city ordinance,
but this negligence can not avail plaintiff if his own negli-
gence contributed to his injury. The plaintiff being negli-

gent, he can not recover unless the doctrine of last clear chance applies.   If defendant's servants saw plaintiff in a place of danger, or entering into a place of danger and unconscious of the danger, under such circumstances that they by the exercise of the ordinary care of reasonably prudent men could have avoided or mitigated his injury, then the defendant is liable.   *Indianapolis Traction, etc., Co.* v. *Croly, supra; Indiana Union Traction Co.* v. *Kraemer, supra,* and authorities there cited.

The fireman testified that he saw the vehicle when it was 30 or 40 feet from the track and his train was 300 or 400 feet away from the crossing, the horses trotting, giving no indications of stopping, and no indications being given that the driver was aware of the train. The fireman at first assumed that appellee would stop, but when appellee got within 6, 7, or 8 feet of the track, the fireman notified the engineer, who put on the emergency brake immediately.   The answers to interrogatories find such facts that under the general verdict defendant can be held liable only in case of the existence of one or both of the following states of facts:   (1)   If the fireman in the exercise of ordinary prudence should have informed the engineer of the approaching team and wagon sooner than he did, and such information would have enabled the engineer to put on the brakes sooner, or otherwise to have avoided or mitigated the danger;   (2)   if the engineer, when told of the approaching team and wagon by the fireman, did not do all a reasonably prudent man should do to stop the engine.   The fireman's own evidence was such that the jury might have found that he, after seeing the team and wagon approaching the track, should in the exercise of ordinary care, have informed the engineer sooner than he did.   Evidence was also admissible to show that the engineer might have done more to stop the engine than merely to put on the emergency brakes, that in addition he might have sanded the tracks, or reversed the engine, or that in some other manner he failed

to do all that a reasonably prudent man would do to stop the engine. The general verdict includes in its finding of every material averment of the complaint for appellee a finding that the engine could have been stopped within 200 feet. The general verdict finds that appellee was free from negligence which was the proximate cause of his injury, and the answers to interrogatories are not such as to preclude him from recovering upon the theory that although he was negligent in getting into a place of danger, yet appellant, with knowledge of his danger, did not use the last clear chance to avoid or mitigate the danger. Since appellant's servants actually saw the team and wagon in a place of danger, appellee may recover even though he was negligent up to the time of his injury, if his injury was caused by appellant's negligence in failing to use the last clear chance. This doctrine is firmly established by the Indiana cases cited above.

The questions arising on the motion for a new trial relate to the instructions. Taken as a whole they state the law applicable to the evidence clearly and accurately, and were as favorable as appellant had a right to ask. We find no reversible error. Judgment affirmed.

Note.—Reported in 102 N. E. 399. See, also, under (1) 29 Cyc. 578; (2) 33 Cyc. 1053; (3) 38 Cyc. 1869; (4) 38 Cyc. 1928, 1929; (5) 33 Cyc. 987; (6) 33 Cyc. 985; (7) 33 Cyc. 991; (8) 33 Cyc. 991; (9) 33 Cyc. 1142; (10) 38 Cyc. 1778. As to liability of railroad for accidents at crossings, see 90 Am. Dec. 780; 26 Am. Rep. 207. As to liability of a railroad company for failure to give statutory signals when they would not have prevented the injury, see 21 L. R. A. 723. As to whether the failure to give customary signals excuses nonperformance of duty to look and listen, see 3 L. R. A. (N. S.) 391.