## INDIANAPOLIS TRACTION AND TERMINAL COMPANY *v.* DAVY, ADMINISTRATRIX.

[No. 8,187. Filed January 30, 1914. Rehearing denied May 26, 1914. Transfer denied January 20, 1915.]

1. APPEAL.—*Review.—Evidence.—Verdict.*—In an action for the death of plaintiff's decedent by being struck by a street car, a verdict for plaintiff is conclusive on the evidence, where there was evidence which would warrant a finding that the negligence charged was substantially proven. p. 534.

2. STREET RAILROADS.—*Injuries to Persons on Tracks.—Evidence. —Instructions.*—In an action for the death of plaintiff's decedent, who was struck by a street car, where the evidence was of such nature that the jury might have found that decedent was himself negligent in going upon the track, but that after being in a place of danger the motorman saw his peril a sufficient length of time to have avoided the collision, and also evidence tending to show

that the motorman did not see him until the instant of the injury, and that decedent could have saved himself as late as the motorman could have avoided the injury, it was error for the court to instruct that if decedent was negligent in the first instance and the motorman saw "or by the use of due care should have seen" decedent's peril in time to have avoided the injury, but failed to do so, defendant would be liable; and in the absence of anything to show upon what theory the jury returned the verdict for plaintiff, the error must be deemed to have been prejudicial. pp. 534, 535.

3. NEGLIGENCE.—*Last Clear Chance.*—The doctrine of last clear chance is not applicable where the injured person could have avoided the accident as late as the defendant. p. 535.

From Superior Court of Marion County (82,227); *Clarence E. Weir,* Judge.

Action by Olive J. Davy, administratrix of the estate of Josiah C. Davy, deceased, against the Indianapolis Traction and Terminal Company. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*F. Winter, M. E. Foley* and *W. H. Latta,* for appellant.
*Gavin & Gavin* and *Paul G. Davis,* for appellee.

IBACH, J.—On April 17, 1910, Josiah C. Davy was struck by one of appellant's street cars and received injuries which caused his death, and this action is brought by the administratrix of his estate to recover damages therefor. The second paragraph of the complaint alone remains in the record. The material facts disclosed by the pleading may be thus summarized: Appellant's car which collided with the decedent was at the time of the accident being operated on Massachusetts Avenue in the city of Indianapolis. This avenue runs northeast and southwest. Two tracks parallelling each other are located thereon. The outgoing cars use the southeast track, and the incoming cars the northwest track. About 9 o'clock on the evening of the accident, appellee's decedent, traveling in a southwesterly direction, started to cross Massachusetts Avenue diagonally, at or near a point where such avenue is crossed by New York Street, an east and west street, and Delaware Street, a north and

south street. The night was stormy and a strong wind was blowing from the southwest. By reason of these conditions, together with the noise of an approaching outbound car and the failure of the motorman operating an incoming car to give any signal of its rapid approach, decedent was unaware of the presence of this incoming car. After he had crossed the southeastern track in front of the outgoing car, he continued in his course, and as he entered upon the adjacent tracks was struck by the incoming car. It is also averred that the place where the accident occurred was well lighted, and there was nothing to obstruct the view of the motorman on the incoming car. There was a verdict and judgment for appellee.

We are satisfied that there is evidence from which the jury might very properly find that the negligence charged against appellant was substantially proven, and having so found by the verdict, we will not assume to disturb that conclusion. There is evidence which tends to show negligence on the part of decedent which contributed to his injury from the collision, and also evidence from which the jury might find that although he was negligent in the first instance in attempting to cross the tracks in front of two approaching cars, yet when he entered the place of danger he was made helpless by reason of the unusual conditions which surrounded him and therefore in attempting to cross over the second track in front of the incoming car, he did what a reasonably prudent person might do to save himself, and that the motorman of the incoming car, in the exercise of due care, might have observed his situation a sufficient length of time before the collision to have stopped his car or slackened its speed. There is other evidence tending to show that the motorman did not see decedent until the instant of the injury.

There are no answers to interrogatories, and we are therefore unable to say upon which theory the jury returned the

verdict in appellee's favor. Under the above state of the evidence the court gave the following instruction: "If you find from the evidence that defendant's motorman in charge of the Brookside Avenue car saw, or by the use of reasonable and ordinary care should have seen plaintiff's decedent in a dangerous position, if you should find that he was in such a position, and that said motorman saw or by the use of due care should have seen that said decedent's attention was attracted elsewhere, and that he was unconscious of his danger, and was likely to remain so, and was likely to step in front of said Brookside Avenue car, in ample time to have stopped said car or slackened its speed, in the exercise of reasonable care, and that said motorman failed to do so and carelessly and negligently ran said car forward and struck plaintiff's decedent, then defendant would be guilty of negligence and would be liable for whatever damages proximately resulted therefrom, and this would be true even though you may find from the evidence that plaintiff's decedent was himself negligent in the first place in putting himself in a position of danger." This instruction is erroneous as a statement of law. *Indianapolis Traction, etc., Co.* v. *Croly* (1913), 54 Ind. App. 566, 96 N. E. 973, 98 N. E. 1091; *Evansville, etc., Traction Co.* v. *Johnson* (1913), 54 Ind. App. 601, 97 N. E. 176. See, also, *Union Traction Co.* v. *Bowen* (1915), *post* 661, 103 N. E. 1096. The defendant is not always, under the doctrine of last clear chance held to constructive knowledge of the plaintiff's danger. The defendant is not held to constructive knowledge if the decedent could have avoided the accident as late as the defendant.

If we could determine that in the present case the jury reached its conclusion because there was evidence tending to show that, though decedent was negligently in a place of danger, yet the motorman, in the use of due care, could have avoided the injury later than the decedent could have saved himself, the instruction might be justified,

Hay *v.* Meridian Life, etc., Co.—57 Ind. App. 536.

and the error in its giving would be harmless. But there is also evidence to the effect that decedent negligently placed himself in danger, from which he could have saved himself as late as the motorman could have avoided his injury, and in such case the appellant would be liable only if the motorman actually saw decedent in time to avoid the accident, and could not be held liable for constructive knowledge of his presence in a place of danger, since unless the motorman actually knew of his presence he would have no later chance to avoid the injury. Under the doctrine of the cases above cited, we think the giving of this instruction was reversible error.

Judgment reversed, and cause remanded for new trial.

NOTE.—Reported in 103 N. E. 1098. As to when contributory negligence does not bar recovery, see 30 Am. Rep. 190; 38 Am. Rep. 637. As to applicability of the doctrine of last clear chance where danger not actually discovered, see 55 L. R. A. 418; 36 L. R. A. (N. S.) 957. As to last moment to which presumption that person in dangerous condition will seek place of safety may be indulged, see 69 L. R. A. 554. As to application of last clear chance rule to injury sustained by person standing or walking close to railroad, see Ann. Cas. 1912 B 1242. See, also, under (1) 3 Cyc. 348; (2) 36 Cyc. 1638; 38 Cyc. 1627; (3) 29 Cyc. 530.