## DOYLE *v.* UNION TRACTION COMPANY.

### [No. 12,265.   Filed June 24, 1926.]

1. **PLEADING.**—*Exception to ruling sustaining demurrer to two paragraphs of complaint was not waived by going to trial on remaining paragraph.*—An exception to a ruling sustaining a demurrer to two paragraphs of a complaint was not waived by going to trial on a remaining paragraph, but the exception could be reviewed on appeal from a final judgment against the plaintiff on the entire complaint rendered after the trial.   p. 63.

2. **APPEAL.**—*Judgment rendered after trial was "final judgment" as to all paragraphs of complaint, though demurrer had been sustained to two of them.*—A judgment after trial on one paragraph of complaint that "plaintiff recover nothing in this action" was a "final judgment" disposing of the case as to all three paragraphs of complaint, although demurrer had been sustained to two of them and exception reserved as to such ruling.   p. 63.

3. **CARRIERS.**—*Complaint alleging that a traction conductor failed to stop his car after he saw that plaintiff had been thrown off the step held insufficient to state cause of action based on doctrine of "last clear chance."*—A complaint alleging that a traction company's conductor failed to stop his car after he saw plaintiff dragging beside the car after being thrown off the step thereof by the sudden increase in the speed as the car approached a stop, *held* insufficient to state a cause of action based on the doctrine of "last clear chance" where it failed to allege that plaintiff was ignorant of his peril, or that, knowing it, he was unable to extricate himself therefrom after being thrown from the step.   p. 69.

4. **CARRIERS.**—*Complaint averring negligence of carrier's agents in charge of its car held sufficient on demurrer.*—A complaint

averring that the defendant's agents in charge of its traction car suddenly increased the speed thereof, knowing that plaintiff was on the steps, thereby throwing him off and injuring him, was sufficient on demurrer. p. 69.

5. NEGLIGENCE.—*Plaintiff cannot recover for the negligence alleged in a paragraph of his complaint on which jury found for defendant in former trial.*—In an action against a traction company for injuries alleged to have resulted from the negligence of the defendant's servants in charge of the car, plaintiff cannot recover for the negligence of the conductor alleged in a paragraph of complaint on which the jury found for the defendant in a former trial. p. 70.

From Marion Circuit Court (36,044); *Harry O. Chamberlin,* Judge.

Action by Herman P. Doyle against the Union Traction Company. From a judgment for defendant, the plaintiff appeals. *Affirmed in part and reversed in part.* By the court in banc.

*Beckett & Beckett,* for appellant.

*J. A. VanOsdol, Ralph K. Kane, Gideon W. Blain* and *Robert Hollowell, Jr.,* for appellee.

McMAHAN, P. J.—Appellant filed a complaint in three paragraphs to recover damages on account of injuries suffered while a passenger on one of appellee's cars. A demurrer having been sustained to the second and third paragraphs, the cause was tried on the first paragraph and resulted in a verdict and judgment in favor of appellee. The errors assigned and presented for our consideration relate to the action of the court in sustaining the demurrer to the second and third paragraphs of complaint.

Appellee has filed a motion to dismiss the appeal. In support of this motion, appellee calls attention to the order showing the ruling of the court sustaining the demurrer to said paragraphs of complaint.

This order simply recites the sustaining of the demurrer to each of said paragraphs and an exception

by appellant. There is no order directing appellant to plead over, or showing that he abided his exceptions and refused to plead further, and no judgment was entered in the cause except the judgment against appellant after trial on the first paragraph of complaint. Appellant did reserve an exception to the ruling of the court and he did not waive that exception by going to trial on the remaining paragraph of complaint. In fact he did abide his exception, and after trial, the cause was finally disposed of by a judgment that, "plaintiff recover nothing in this action, and that the defendant recover of and from the plaintiff its costs herein, taxed at $....... dollars." This is a final judgment disposing of the case as to all three paragraphs of complaint, and is sufficient to present the ruling of the court sustaining the demurrer to the second and third paragraphs of complaint. Motion to dismiss overruled.

The first paragraph alleges that appellant purchased a ticket and entered the car as a passenger from Kokomo to Cicero; that appellee's road is crossed by a certain highway at a point about 500 feet north of its station in Cicero; that it was the custom of appellee to slacken the speed of its cars as they approached this highway and to continue to reduce the speed until near this highway, when the current would again be turned on and the speed greatly increased to carry the car across the highway and to the station; that before the car reached said highway, the conductor called the name of the station, "Cicero," when the speed of the car immediately began to slacken as if to stop and the conductor opened the door of the vestibule on the rear of the car although the same had not yet reached the highway; that appellant was not acquainted with the location of appellee's station at Cicero, with the location of the highway or with the custom of appellee in slackening the speed of the car and then increasing it before

crossing the highway, but when the conductor called the name of the station and opened the door of the vestibule, he believed the car was stopping to allow passengers to get off at the station and, so believing, got up and walked to the rear of the car and, in the presence and with the knowledge of the conductor, stepped down on the car steps for the purpose of alighting therefrom, when the car came to a stop, but that the conductor negligently increased the speed of the car just before it reached the highway, throwing him off the car into the street and severely injuring him. Sufficient facts are alleged to make this paragraph sufficient and to charge appellee's conductor with negligence resulting in appellant's injury.

The second paragraph, after alleging facts showing that appellant was a passenger on appellee's car riding from Kokomo to Cicero, alleges that after the car on which he was riding reached the town of Cicero but before it reached the station, the conductor called "Cicero" and the car began to slacken its speed as if to stop at the station, and the conductor opened the vestibule door to permit passengers to alight, after which appellant walked to the rear end of the car and, in the presence and with the knowledge of the conductor, stepped on the step of the car preparatory to alighting when the car stopped at the station; that the car ran about 100 feet at a speed of three or four miles an hour while appellant was standing on the step, and then suddenly and greatly increased its speed before reaching the station, thereby throwing appellant off the step onto the street, but not entirely releasing him from the car, but that he held to the hand-rail with one hand and was dragged 200 to 300 feet and thereby severely injured; that the conductor saw appellant fall from the step of the car and saw him all the time he was so dragging

along by the side of the car and knew appellant's peril after he fell from the step and could, by the exercise of ordinary care, have stopped the car and thereby avoided injuring appellant, but that the "conductor negligently failed to notify the motorman to stop said car and negligently failed to do anything to stop said car or to in any way aid, help, or rescue the plaintiff from his danger and peril," and that, by reason of said negligence of the conductor, appellant was dragged and injured.

The third paragraph, after alleging the facts showing appellant was a passenger on the car from Kokomo to Cicero, alleges that he was not familiar with the town of Cicero; that when the car was about two "squares" from the station at Cicero, the conductor announced said station, the car slowed down, and appellant went to the rear of the car to alight when the car stopped at the station; that while he was standing on the rear step of the car, the same slowed down as if to stop, but that instead of stopping, "the defendant negligently increased the speed of said car without notice to this plaintiff, and that by reason of the increase of the speed of the said car, plaintiff while so standing upon the rear steps of said car was thrown from said steps" and severely injured. The specific charge of negligence in this paragraph is as follows: "And plaintiff says that defendant was negligent which negligence was the proximate cause of his injuries in this to wit: that while he was so standing on said step defendant's agents and servants in charge of said car knew that he was so standing on said step and in a position on said step whereby the sudden increase of the speed of said car was liable and likely to throw the plaintiff off of said step, and thereby injure him. But plaintiff says that the defendant's agents and servants so in charge of said car with said knowledge of his said position on said

step instead of continuing to slow said car down, and stopping, as plaintiff was induced to believe would be done, negligently increased the speed of said car suddenly and thereby negligently threw the plaintiff off of said car to the street, thereby injuring him."

It will be noted that the second paragraph undertook to charge facts creating a special duty owing appellant by reason of his being in a position of peril when standing on the steps of the car. In other words this paragraph is founded on the last clear chance doctrine. It is not our purpose to enter into a discussion of the doctrine of last clear chance further than to quote from *Indianapolis Traction, etc., Co.* v. *Croly* (1911), 54 Ind. App. 566, 96 N. E. 973, 98 N. E. 1091. As was said in that case: "In the application of this doctrine, it must be borne in mind that a person who, by a failure to use due care for his own safety, has exposed himself to danger, occupies a different position in the eyes of the law from one who is in the exercise of due care. To entitle him to recover, notwithstanding his want of care, it must appear that prior to his injury, the company owed him a special and particular duty, the violation of which can be treated as the sole proximate cause of his injury. There is a general duty resting upon a person in charge of a street car to use care to prevent injury to all persons and property with which it is likely to come in contact, and such care must be proportionate to the danger incident to its operation. This duty is a general one, and rests upon the motorman at all times and under all circumstances during the time he is operating such car; but the duty to take particular precautions to prevent injury to a particular person, who, by want of due care on his part, has exposed himself to immediate threatened danger, or is about to do so, is a special duty which arises out of the exigencies of the situation. It is the failure to discharge

this particular duty, which gives room for the application of the doctrine of last clear chance, by which the company, in such a case, is held liable to a person, who, by a want of due care, has exposed himself or his property to the danger of receiving such injury. The particular situation of the parties prior to the injury must be such as to give rise to this special duty to the particular person injured, some appreciable time before the injury occurs."

And again, on page 581, in discussing the evidence necessary to bring a case within the rule, the court said: "Where the evidence in the case tends to show that the situation of the parties just prior to the injury was such that the defendant, by the exercise of due care, could have prevented it and that the plaintiff could not, then the rule becomes applicable." And on page 582, the court said: "The general proposition is applicable to a class of cases in which it appears that the plaintiff, by his own negligence, has placed himself in a position of threatened danger from contact with some agency under the control of the defendant, and where his situation is such that, by the exercise of due care, he cannot extricate himself from the danger in time to avoid the injury, but, that the defendant, by the exercise of due care, could prevent it and fails to do so. Under such circumstances, the negligence of the plaintiff is deemed to cease at and after the time he reaches a situation where due care on his part would be unavailing, and the special duty of the defendant to such person immediately arises, and, if negligence on the part of the defendant then intervenes, or, if, after that time, the defendant, by the exercise of due care could prevent the injury and fails to do so, such negligence on the part of the defendant is treated as the sole proximate cause. The rule of law applicable to cases involving circumstances of this character is sometimes

referred to as the rule of antecedent and subsequent negligence. The reason for the rule in such cases is that, after plaintiff's negligence has ceased, and after his opportunity to avoid the collision has passed, the defendant is guilty of negligence in failing to take advantage of the last clear chance to avoid the injury."

In order to bring a case within the last clear chance rule, the plaintiff must either be ignorant of his peril, or, knowing his peril, must be unable to extricate himself therefrom. The second paragraph of complaint, as heretofore stated, is based upon the theory of last clear chance. It fails, however, to allege that appellant was ignorant of the peril of being injured after he was thrown from the step by being dragged as alleged, or that knowing his peril he was for any reason unable to extricate himself therefrom. There was, therefore, no error in sustaining the demurrer to this paragraph of complaint.

The third paragraph of complaint is founded upon the alleged negligence of appellee's "agents and servants" suddenly increasing the speed of the car with knowledge of his position on the step of the car, thereby throwing him off the car and injuring him. This is a simple charge of negligence on the part of the "agents and servants" of appellee. No attempt is made to charge facts to bring this paragraph within the last clear chance rule. It does charge negligence on the part of appellee's servants, and there being no facts alleged from which we can say as a matter of law that appellant was guilty of any negligence which was a proximate cause of his injury, it follows that the court erred in sustaining the demurrer to this paragraph.

The cause having been tried upon the first paragraph which specifically charged the conductor with negligence, and the jury having found in favor of appellee

on that paragraph, the judgment heretofore entered is an adjudication against appellant on the negligence of the conductor alleged in the first paragraph of complaint, and if a trial be had on the third paragraph of complaint, the negligence of the conductor as set out in the first paragraph of complaint cannot be established or proved to sustain a verdict under the allegations of the third paragraph of complaint. In other words, if there is to be any recovery, it must be based upon negligence other than that alleged in the first paragraph.

The judgment is affirmed in so far as the first and second paragraphs of complaint are concerned, and reversed as to the action of the court in sustaining the demurrer to the third paragraph, with directions to overrule the demurrer to that paragraph, and for further proceedings not inconsistent with this opinion.