BEARDSLEE CHANDELIER MANUFACTURING
COMPANY *v.* EVANS.

[No. 14,362.   Filed May 20, 1932.]

*Edwin Corr, Regester & Regester* and *Vose & Lind,*
for appellant.

*Robert G. Miller,* for appellee.

BRIDWELL, C. J.—Appellant, Beardslee Chandelier
Manufacturing Company, instituted this action against
appellee, Chester A. Evans (doing business as "Evans

Electric Company"), to recover the purchase price for certain electric lighting fixtures alleged to have been sold by appellant to appellee. To appellant's complaint, appellee filed an answer in three paragraphs, the first paragraph being in general denial, the second a plea of payment and the third, in substance, as follows: That the plaintiff is engaged in the business of wholesale selling of lighting equipment, electric light fixtures, etc., to dealers, and that this defendant, under the name and style of the Evans Electric Company is engaged in the business of selling lighting equipment, wiring, etc., and installing the same for customers, in and about the city of Bloomington, Indiana; that, about the times mentioned in plaintiff's complaint, the Kirkwood Amusement Company built and equipped a house for the purpose of a picture show in the city of Bloomington, Indiana, and, in so doing, required for their needs certain lighting fixtures, chandeliers, etc.; that the representative of the plaintiff company coming to Bloomington about that time was directed by this defendant to the Kirkwood Amusement Company, and that the said representative of the plaintiff, by his own solicitation and agreement with the Kirkwood Amusement Company, sold to said Kirkwood Amusement Company a bill of merchandise in the sum of $435.50, being the same merchandise mentioned in plaintiff's complaint, it being understood, by and between the plaintiff and the defendant herein, that this merchandise ordered by the Kirkwood Amusement Company was to be billed and shipped to the Evans Electric Company at the wholesale price, the said Kirkwood Amusement Company paying the retail price; that this defendant had nothing to do with making this sale, or fixing the price at which the goods were sold to the Kirkwood Amusement Company; that thereafter, the said Kirkwood Amusement Company, being in financial difficulties, refused to accept the said

goods, the plaintiff attempted, and is now attempting, to collect said bill from this defendant; wherefore, defendant prays judgment for costs. A reply in general denial to appellee's second and third paragraphs of answer closed the issue. The case was submitted to the jury for trial and a verdict was returned in favor of appellee. Appellant filed its motion for a new trial, which was overruled, and judgment was rendered on the verdict, from which judgment appellant prosecutes this appeal. The error assigned and relied upon for reversal is the action of the court in overruling the motion for a new trial, which motion was upon the following grounds: (1) The verdict of the jury is not sustained by sufficient evidence; (2) the verdict of the jury is contrary to law.

In determining whether a new trial on the ground of insufficiency of the evidence to sustain the verdict ought to have been granted, this court cannot weigh conflicting evidence, but can consider only the evidence favorable to the successful party, and, where this evidence when considered alone sustains the verdict, the court on appeal will not reverse the judgment on the evidence. *Indianapolis Traction, etc., Co.* v. *Croly* (1911), 54 Ind. App. 566, 96 N. E. 973, 98 N. E. 1091.

The evidence favorable to appellee tends to prove the following facts: Appellee was a dealer in electric light equipment, in the city of Bloomington, Indiana; appellant was a manufacturer of electric light equipment and ornamental bronze, located in Chicago, Illinois. In 1925, Mr. Latimer, an employee of appellant, attempted to place its line of fixtures with appellee. He was referred to one Miss Tobin, an employee of appellee, and she informed him that Beardslee fixtures were too expensive to carry in stock, but that he might sell appellant's fixtures through the Evans Electric Company, and she would call on him at any time it looked like a Beards-

lee job, and thereafter, and prior to October 28, 1927, appellant was notified of prospective customers at different times, and, when so notified, Mr. Latimer would then come to Bloomington for the purpose of an interview with any such prospective customer; after making estimates, etc., if a sale could be made, he filled out an order blank, sent it to appellant, and a copy was left with appellee; the goods ordered would then be sent to appellee, and, when they were installed and collected for, appellee paid appellant, and this had been the method followed in all prior transactions of like nature between the parties.

On October 28, 1927, Mr. Latimer was in Bloomington at Miss Tobin's suggestion to interview a Mr. Wells who was the president of the Kirkwood Amusement Company, which was then constructing a new theater building. He saw Mr. Wells, made an estimate on the fixtures, and made out an order for the goods, which order he sent to appellant and a copy of such order was left with appellee. Neither the Kirkwood Amusement Company nor appellee signed the order that was sent in, and the goods ordered were special in design and character, therefore, not marketable. On defendant's Exhibit 1, introduced in evidence, said exhibit being estimate No. 535 of appellant, made by Mr. Latimer, following an itemized statement and description of fixtures, these words appear: "Ordered by M. D. Wells," and Latimer, the agent of appellant, testified that such words were written thereon by him. In due course of time, the merchandise arrived, appellee paid the freight charges and thereafter notified the Kirkwood Amusement Company of such fact, but the company denied making the order and at all times refused to accept the merchandise. There is also evidence that on one occasion, after the Kirkwood Amusement Company had refused to accept the merchandise, Mr.

Latimer made the statement, "Oh, they (appellant) will take them back, they will have to take them back," and the appellant, in one letter addressed to appellee, wrote, "We understand that we will have to go along until the matter of the theater people is straightened out, but, of course, this does not apply to the other invoices that are shown on the enclosed statement," etc., and, in another instance, appellant wrote, "We would appreciate a check, covering the two August invoices, and we also wish you would advise just what progress is being made on the December 27th charge for fixtures for the theater. We think this matter should be pressed. We seem to be holding the bag in the matter, and we are the innocent parties."

There is also evidence that, in prior orders for merchandise secured by Mr. Latimer and billed and shipped to appellee, in each instance, appellant had not been paid until the retail price had been collected from the customer by appellee, and that no different arrangement was made concerning the particular shipment out of which this controversy arises.

We make no summary of the evidence favorable to appellant. It is of sufficient probative force that had the jury reached a different conclusion and returned its verdict for appellant, a judgment on such a verdict would not have been reversed on account of insufficiency of the evidence to sustain the same. The evidence hereinbefore set out is also sufficient to sustain the verdict returned. It is the jury's province to determine the facts and, where different conclusions upon facts proved may be reasonably reached, a judgment rendered upon the verdict will not be disturbed on appeal on the ground that the evidence does not sustain the verdict.

There was no error in overruling appellant's motion for a new trial. Judgment affirmed.